366 So.2d 1239 (1979)
Tommy ROBINSON, Appellant,
v.
STATE of Florida, Appellee.
No. 78-995.
District Court of Appeal of Florida, Second District.
February 2, 1979.
Jack O. Johnson, Public Defender, Bartow, and Wayne Chalu, Asst. Public Defender, Tampa, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Eula Tuttle Mason, Asst. Atty. Gen., Tampa, for appellee.
SCHEB, Judge.
Appellant's probation supervisor filed an affidavit alleging that appellant violated condition (4) of probation by committing grand theft and that he violated condition (9) of probation by visiting a bar. At a revocation hearing appellant admitted the violation of condition (9), but denied any violation of condition (4). The state presented no evidence as to either violation. The court revoked appellant's probation and sentenced him to fifteen years in prison.
We affirm the revocation of appellant's probation, but we remand the case *1240 for the correction of the written order of revocation which stated that the court had found appellant in violation of both conditions (4) and (9). Since appellant denied violating condition (4) and the state presented no evidence of a violation the court was not authorized to revoke probation on that ground. See Wheeler v. State, 344 So.2d 630 (Fla.2d DCA 1977).
By our decision, we reject appellant's argument that we should, as we did in Tuff v. State, 338 So.2d 1335 (Fla.2d DCA 1976), order the trial court to reconsider the revocation of probation in light of the fact that we have overturned one of the two violations listed in the revocation order. In Tuff we found such a remand necessary only because the remaining violation was a technical one, and we could not tell whether the court would have revoked probation solely on that ground. Here, because the court heard no evidence on the violation of condition (4), we can assume that it intended to revoke only on the basis of condition (9) which was directly related to appellant's rehabilitation and not a condition merely administrative in nature.
GRIMES, C.J., and OTT, J., concur.