446 So.2d 261 (1984)
Alvin Tony SCOTT, Appellant,
v.
STATE of Florida, Appellee.
Nos. 82-2342, 82-2343.
District Court of Appeal of Florida, Second District.
March 9, 1984.
*262 Jerry Hill, Public Defender, and Michael E. Raiden, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and William I. Munsey, Jr., Asst. Atty. Gen., Tampa, for appellee.
SCHEB, Judge.
Defendant Alvin Tony Scott was found guilty of grand theft and burglary. The trial court imposed an enhanced sentence of twenty-five years imprisonment.
We have examined the three points that defendant raises on appeal and find only one has merit. He contends the trial court failed to make findings of fact in support of the enhanced sentence as required by the habitual offender statute, section 775.084(3)(d), Florida Statutes (1981). Defendant is correct on that point.
The court only made two statements justifying the enhanced sentence. In the first, the court merely ruled that based on the defendant's record and the particular facts of the case, it was necessary for the public's protection to treat the defendant as a subsequent felony offender. In the second, when informed that a drug program was willing to accept the defendant, the court felt such a program was inappropriate, because the defendant had not been honest with the court.
Pursuant to section 775.084(3)(d), the trial court must make findings of fact that demonstrate on their face an extended term of imprisonment is necessary to protect the public from a defendant's further criminal conduct. Eutsey v. State, 383 So.2d 219 (Fla. 1980); Cavallaro v. State, 420 So.2d 927 (Fla. 2d DCA 1982). In the instant case, the judge failed to make specific findings of fact sufficient to satisfy the requirements of section 775.084(3)(d).
Accordingly, we affirm defendant's conviction but vacate his sentence and remand this case for a new sentencing hearing. Prior to the hearing, the state should give written notice of its intention to seek sentencing as an habitual offender, and the defendant is entitled to be present at the hearing.
HOBSON, A.C.J., and LEHAN, J., concur.