455 So.2d 1133 (1984)
Arthur Lee UNDERWOOD, Appellant,
v.
STATE of Florida, Appellee.
No. 83-960.
District Court of Appeal of Florida, Second District.
September 19, 1984.
Jerry Hill, Public Defender, Bartow, and L.S. Alperstein, Asst. Public Defender, Tampa, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Charles Corces, Jr., Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
Arthur Underwood appeals two final orders of judgment and sentence imposed against him for circuit court case numbers 79-377 and 80-5806 following entry of an order revoking his probation orders for those two cases. We affirm and remand.
On April 5, 1979, the trial court placed Underwood on concurrent five-year terms of probation for case number 79-377. The next year the court placed him on a five-year term of probation for case number 80-5806, the term to run consecutive to the concurrent terms for case number 79-377.
In 1982, the trial court conducted a hearing regarding alleged violations of conditions (1), (2) and (5) of the two probation orders. The state produced evidence sufficient to establish only that, by robbing one James Johnson, Underwood violated condition (5) requiring that he remain at liberty without violating the law. It did not present any evidence with respect to either the purported violations of conditions (1) and (2) or other alleged violations of condition (5). Furthermore, Underwood did not admit committing any of the alleged violations. Nevertheless, in revoking both probation orders, the court found that he had committed all of the alleged violations of conditions (1), (2) and (5).
Although the trial court lacked any basis upon which to find that Underwood had committed any violations of probation other than the violation of condition (5) by robbing Mr. Johnson, this single violation was substantial enough, by itself, to warrant revocation. Cf. Coxon v. State, 365 So.2d 1067 *1134 (Fla. 2d DCA 1979); Franklin v. State, 226 So.2d 461 (Fla. 2d DCA 1969).
Hence, we affirm the probation revocation order revoking Underwood's probation for case numbers 79-377 and 80-5806,[1] and the corresponding final orders of judgment and sentence. However, we remand to the trial court with directions that it strike from the probation revocation order the parts which read that he committed the alleged violations which were neither proven by the state nor admitted by Underwood. See, e.g., Paul v. State, 421 So.2d 696 (Fla. 2d DCA 1982); Davis v. State, 411 So.2d 886 (Fla. 2d DCA 1982); Robinson v. State, 366 So.2d 1239 (Fla. 2d DCA 1979). We also instruct the court on remand to strike the parts which erroneously indicate that Underwood pled guilty to those alleged violations.
AFFIRMED and REMANDED.
HOBSON, A.C.J., and CAMPBELL and SCHOONOVER, JJ., concur.
NOTES
[1] With respect to case No. 80-5806, even though the misconduct for which the trial court revoked Underwood's probation transpired prior to April 4, 1984, i.e., before the date his consecutive term of probation for that case commenced, the trial court did not err in revoking his probation for that case. The Supreme Court of Florida decided during pendency of the instant appeal that a defendant may have his probation revoked for misconduct which occurs before the term of probation has started. Stafford v. State, 455 So.2d 385 (Fla. 1984).