462 So.2d 583 (1985)
Dexter D. HINTON, Appellant,
v.
STATE of Florida, Appellee.
No. 83-1536.
District Court of Appeal of Florida, Second District.
January 23, 1985.
James Marion Moorman, Public Defender, and Robert F. Moeller Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and William E. Taylor, Asst. Atty. Gen., Tampa, for appellee.
OTT, Acting Chief Judge.
The trial court revoked appellant's probation and sentenced him to ninety-nine years *584 in prison. Because the alleged violation of the special condition of probation occurred before it was imposed or the probation order was entered, we reverse.
On May 17, 1982, the appellant, pursuant to a negotiated plea, pled guilty to robbery with a deadly weapon in exchange for probation. The agreement required appellant to testify truthfully for the state against his co-defendant. The trial court was adamant that the appellant agree to testify truthfully in exchange for the probation. At the plea hearing, there was some confusion as to the status of the co-defendant's case. The trial court thereupon withheld adjudication and set sentencing for July 1, 1982, with the caveat that the state could request an earlier sentencing if it developed that the trial date of appellant's co-defendant and the need for appellant's testimony therein came on before July 1, 1982.
For reasons unknown, before the sentencing date, on June 23, 1982, the state attempted to take the appellant's statement, but he refused. At the sentencing hearing on July 1, the special condition to testify was not mentioned, nor was the fact that the appellant had already refused to testify brought to the attention of the trial court. The trial court adjudicated appellant guilty and pronounced sentence of fifteen years probation for robbery with a deadly weapon.[1] In the subsequent written sentencing order, which the appellant never saw or signed, the condition to testify was listed as condition of probation number sixteen.
On October 28, 1982, an arrest warrant was served on the appellant for violation of probation, based upon his refusal, prior to the imposition of sentence, to testify against his co-defendant. At the probation revocation hearing on November 10, 1982, the state announced that it would dismiss the warrant because at the time the appellant had refused to give testimony, he had not yet been placed on probation, and because the condition had not been communicated to the appellant at sentencing. The trial court continued the probation revocation hearing for the case to be re-evaluated.
The appellant next appeared in front of the trial court on December 3, 1982. The court again continued the revocation hearing so that the state could give the appellant another opportunity to testify against his co-defendant, even though the co-defendant, by this time, had entered a voluntary guilty plea. The record does not disclose that the state ever made such a request, nor what use appellant's testimony would now serve even if given.
On December 15, 1982, the appellant again appeared in front of the trial court, which found him guilty of violating his probation and sentenced him to ninety-nine years in prison.
At the time of sentencing, appellant had already violated the terms of the plea agreement and had the state so advised the trial court the plea agreement could have been, and no doubt would have been, rejected. The trial court could not, however, revoke appellant's probation because he had not yet been placed on probation at the time of the alleged violation.
This court has recently held that a defendant's probation may be revoked for a violation occurring before the term of the probation has started. Underwood v. State, 455 So.2d 1133 (Fla. 2d DCA 1984).
In Underwood, we were following the supreme court's recent decision in Stafford v. State, 455 So.2d 385 (Fla. 1984), which approved the holding in Martin v. State, 243 So.2d 189 (Fla. 4th DCA), cert. denied, 247 So.2d 63 (Fla. 1971). In Martin, the court held:
[T]he court can revoke an order of probation, the term of which has not commenced, should the court determine that the defendant probationer has been guilty of misconduct occurring subsequent *585 to the entry of the order of probation.

Id. at 191 [emphasis added].
In this appellant's case, however, the violation occurred prior to the entry of the probation order. Although the trial court gave the state ample opportunity to move the sentencing hearing up so that they could properly take the appellant's statement, they chose to go ahead without the sentencing hearing or order. Indeed, the state did not even mention the violation at the sentencing hearing.
Accordingly, because appellant violated a condition of the plea bargain, which was overlooked at the sentencing hearing, before the probation order was entered, he did not violate probation. Therefore, the revocation is vacated, and the probation reinstated for the original term of fifteen years.
Appellant's other points on appeal are without merit.
DANAHY and SCHOONOVER, JJ., concur.
NOTES
[1] Pursuant to the negotiated plea, appellant also pleaded guilty and was sentenced to three years in prison for another robbery with a deadly weapon conviction and five years for burglary of a dwelling. Both terms were to run concurrently with each other and with the probation. Neither of these terms is challenged here.