476 So.2d 325 (1985)
Cleveland WRIGHT, Appellant,
v.
STATE of Florida, Appellee.
No. 85-59.
District Court of Appeal of Florida, Second District.
October 11, 1985.
*326 James Marion Moorman, Public Defender, Bartow, and L.S. Alperstein, Asst. Public Defender, Tampa, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and James H. Dysart, Asst. Atty. Gen., Tampa, for appellee.
SCHEB, Judge.
Defendant Cleveland Wright was convicted of grand theft in the second degree. The trial court sentenced him to nine years imprisonment as a habitual offender under section 775.084, Florida Statutes (1983). Wright contends that: (1) the trial court did not make the necessary findings that an enhanced sentence was necessary to protect the public from further criminal activity and; (2) it was improper for the court to base its decision on uncorroborated hearsay as to defendant's prior criminal record. We agree with defendant's first contention; we reject the second.
At the outset we reject the state's contention that because the defendant did not object to the trial judge's failure to make specific findings the point has not been preserved for review on appeal. Walker v. State, 462 So.2d 452 (Fla. 1985).
In order for the court to enhance a defendant's sentence under section 775.084, it must meet two requirements. First, it must find that the present felony was committed within five years of the last prior felony or two first degree misdemeanors. Second, the court must determine that it is necessary for the protection of the public to sentence the defendant to an extended term. Here, the defendant stipulated that he had a prior felony conviction within the last five years. Nevertheless, he contends that he was improperly sentenced as a habitual offender because the trial court did not make the requisite statutory findings that demonstrate on their face that an extended prison term was necessary to protect the public. The trial judge merely stated that:
I am taking into consideration the fact that many of the offenses for which the assistant prosecutor has read off Mr. Wright's record, are offenses for petit larceny. However, I do believe this is a type of case that the subsequent felony offender statute was created.
This general statement by the trial judge does not satisfy the requirements of section 775.084. As the supreme court stated in Walker, "the legislature intended the trial court to make specific findings of fact when sentencing a defendant as a habitual offender." See also, Scott v. State, 446 So.2d 261 (Fla. 2d DCA 1984), where we held that section 775.084 is not satisfied where the trial court merely ruled that based on the defendant's record and the particular facts of the case it was necessary to sentence the defendant as a habitual offender to protect the public.
Because it is necessary to remand to the trial court for resentencing, we will address defendant's second point on appeal in which he challenges the trial court's consideration of his prior record through uncorroborated testimony. At the sentencing hearing, the state, over defendant's objection, listed the defendant's sixteen prior *327 convictions. Defense counsel objected on the ground that the record of these prior convictions was not included in the presentence investigation, and further, that the state did not have adequate proof of the prior convictions. The trial court overruled the objection and proceeded to receive an account of the defendant's prior convictions.
Defendant now argues, on the basis of McElveen v. State, 440 So.2d 636 (Fla. 1st DCA 1983), that it was improper for the trial court to base its findings on the uncorroborated statements by the state. We disagree. As this court has previously held, there are at least some cases where a defendant's prior record alone may justify a finding that an enhanced sentence is necessary to protect the public. Grimmett v. State, 357 So.2d 461 (Fla. 2d DCA 1978). If the defendant disputes the truth of the hearsay statement, the state must produce corroborating evidence in order for the statement to be relied upon in making the required statutory findings. Smith v. State, 461 So.2d 995, 997 (Fla. 5th DCA 1984). Where, as here, the defendant does not dispute the truth of the listed convictions, the state is not required to come forward with corroborating evidence. Eutsey v. State, 383 So.2d 219 (Fla. 1980); McClain v. State, 356 So.2d 1256 (Fla. 2d DCA 1978). Therefore, we hold that the trial court did not err in considering the defendant's prior record which was read in open court by the state. See Eichhorn v. State, 386 So.2d 604 (Fla. 5th DCA 1980).
We affirm defendant's convictions; however, since the trial court did not make the necessary findings of fact to indicate that an enhanced sentence is necessary to protect the public, we vacate defendant's sentence and remand for resentencing. If the trial court finds an enhanced sentence is necessary for the protection of the public, it must state the basis for its finding.
GRIMES, A.C.J., and LEHAN, J., concur.