480 So.2d 715 (1986)
Dwight FLEMING, Appellant,
v.
STATE of Florida, Appellee.
No. 85-118.
District Court of Appeal of Florida, Second District.
January 3, 1986.
James Marion Moorman, Public Defender, Bartow and L.S. Alperstein, Asst. Public Defenders, Tampa, for appellant.
Jim Smith, Atty. Gen., Tallahassee and Ann Garrison Paschall, Asst. Atty. Gen., Tampa, for appellee.
FRANK, Judge.
The appellant, Dwight Fleming, appeals from the trial court's final orders adjudicating him guilty of burglary and sentencing him as a habitual offender beyond the sentencing guidelines. We affirm the conviction but vacate the sentence and remand for resentencing.
Fleming was charged in an information on May 1, 1984, with burglary in violation of section 810.02, Florida Statutes. The crime allegedly occurred on March 25, 1984. After a trial on November 26 and 27, 1984, a jury found him guilty. After the verdict was entered on January 9, 1985, the state notified Fleming of its intention to seek an enhanced habitual offender sentence pursuant to section 775.084, Florida Statutes. On January 10, 1985, the trial court conducted a sentencing hearing to determine whether Fleming fell within the purview of the habitual offender statute.
At the outset of the sentencing hearing, Fleming's counsel informed the trial court that Fleming desired to be sentenced within the guidelines' recommended range of twelve to thirty months of incarceration or community control. During the course of the hearing, the state submitted a presentence investigation report disclosing Fleming's prior conviction for burglary in 1978, a two year prison sentence and his parole *716 in 1980. In addition, the presentence investigation report revealed he had been convicted for burglary in 1981, was sentenced to three years imprisonment and released from prison on March 29, 1982. Based upon Fleming's prior record, the state contended he was a danger to the community and his sentence should be enhanced pursuant to the habitual offender statute. At the conclusion of the hearing, the trial court agreed that Fleming was a habitual offender and that an enhanced sentence was warranted; it sentenced Fleming to nine years of imprisonment. The only statement expressed by the trial court at the hearing justifying the habitual offender sentence appears in the record as follows:
It's my opinion, sir, you have not seen fit to profit by the jail sentences that you have been given previously, sir.
I believe as the State says, that you launched yourself into a career as a criminal, rather than learning from your past experiences and incarceration.
The trial court's determination to sentence Fleming as a habitual offender constituted a departure from the guideline's presumptive sentence. Neither a scoresheet nor a separate written document setting forth reasons for exceeding the guidelines, however, is found in the record.
Fleming contends that the trial court failed to comply with section 775.084(3)(d), Florida Statutes. That statute requires a sentencing court following the conduct of an evidentiary hearing to find by a preponderance of the evidence that it is necessary for the protection of the public to sentence a defendant to an extended term of imprisonment. Fleming's second contention is that the trial court ignored its statutory obligation to prepare a separate written document providing reasons for departing from the sentencing guidelines. We find merit in both contentions.
Although it is not an issue urged by Fleming, we find it appropriate to consider and determine whether the supreme court's recent opinion in Hendrix v. State, 475 So.2d 1218 (Fla. 1985), affects reliance upon the habitual offender statute in achieving departure from a presumptive sentence. Hendrix bars a departure from the guidelines grounded upon a defendant's prior conviction for the reason that a prior conviction is a part of the computation leading to the presumptive sentence. "To allow the trial judge to depart from the guidelines based upon a factor which has already been weighed in arriving at a presumptive sentence would in effect be counting the convictions twice which is contrary to the spirit and intent of the guidelines." Id. at 1220. Implementation of the habitual offender statute is dependent upon a prior conviction. Thus, save in the rare circumstance where a guidelines sentence would exceed a habitual offender sentence, a literal adherence to Hendrix would functionally repeal section 775.084, a result we perceive not to have been intended in the formulation of guidelines sentencing. Ferguson v. State, 481 So.2d 924 (Fla.2d DCA 1985).
It is evident from section 775.084 that the presence of a prior conviction in a defendant's criminal history simply ignites the procedural events which must precede the imposition of a habitual offender sentence. In resolving whether to impose a habitual offender sentence, however, the trial court's assessment of relevant circumstances is neither dependent upon nor related to "the determination of guilt of the underlying substantive offense, and new findings of fact separate and distinct from the crime charged are required." Eutsey v. State, 383 So.2d 219, 223 (Fla. 1980). Eutsey makes it equally plain that even though a prior conviction is mechanically essential to the invocation of section 775.084, it is the subsequent conviction "which triggers the operation of the act." Id. Thus, the habitual offender sentence can readily be differentiated from pre-Hendrix departure sentences which were bottomed solely on the fact of prior conviction. See, e.g., Francis v. State, 475 So.2d 1366 (Fla. 2d DCA 1985). The habitual offender sentence, by contrast, follows from the subsequent offense coupled with "identifiable discrete facts such as general course of *717 behavior, ... family, ... education, vocation and so on." Eutsey, 383 So.2d at 225. It is our view that the reference in section 775.084 to a prior conviction is "merely ancillary" to the critical findings forming the bases for the enhanced sentence. Cf. Smith v. State, 480 So.2d 663, 664 (Fla. 5th DCA 1985).
In the matter at hand the sentencing court, in order to implement the habitual offender statute, was required to find that the present felony was committed within five years of either the last prior felony conviction or two first degree misdemeanor convictions. Wright v. State, 476 So.2d 325 (Fla. 2d DCA 1985). The data contained in Fleming's presentence investigation report satisfied the first requirement. The court was then required pursuant to section 775.084(3)(d) to document specific findings facially demonstrating the necessity for an extended term of imprisonment in order to protect the public from recidivistic conduct. Id. at 326. The trial court's conclusory statements expressed at the sentencing hearing, however, did not fulfill this requirement. See Scott v. State, 446 So.2d 261 (Fla. 2d DCA 1984) (trial court merely stated that based on the defendant's record and the particular facts of the case an enhanced sentence was necessary to protect the public); Cavallaro v. State, 420 So.2d 927 (Fla. 2d DCA 1982) (trial court without elaboration stated that the defendant was a career criminal). We recognize that the subsidiary evidence indicating that an enhanced sentence is necessary to protect the public may in certain circumstances, not present in this proceeding, disclose facts which constitute clear and convincing reasons for departing from the guidelines. Cf. McCuiston v. State, 462 So.2d 830 (Fla. 2d DCA 1985); Brady v. State, 457 So.2d 544 (Fla. 2d DCA 1984). Here, however, the trial court's mere reliance upon the observation that Fleming would continue to be a threat to society does not meet the statutory standard and, hence, cannot serve as a clear and convincing reason for departure within the meaning of Rule 3.701(d)(11) of the Florida Rules of Criminal Procedure.
The trial court was in error in embodying its reasons for departure, albeit they are inadequate, in the sentencing hearing transcript. Reasons uttered at the sentencing hearing and transcribed in the record do not fulfill the purpose of Rule 3.701(d)(11). State v. Jackson, 478 So.2d 1054 (Fla. 1985). We also note that the trial court prepared a written sentencing order which varied from its oral pronouncement. Upon resentencing the written order should conform to the oral pronouncement. Bogan v. State, 462 So.2d 115 (Fla. 2d DCA 1985).
Accordingly, we affirm Fleming's conviction but vacate his sentence and remand this matter for resentencing consistent with this opinion.
DANAHY, A.C.J., and HALL, J., concur.