481 So.2d 1258 (1986)
Elijah E. WHITE, Appellant,
v.
STATE of Florida, Appellee.
No. 85-316.
District Court of Appeal of Florida, Second District.
January 8, 1986.
Rehearing Denied January 28, 1986.
*1259 James Marion Moorman, Public Defender, Bartow, and Ann N. Radabaugh, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and James A. Young, Asst. Atty. Gen., Tampa, for appellee.
SCHEB, Judge.
The state charged the defendant Elijah White with grand theft, resisting a police officer without violence, and resisting a merchant's efforts to recover merchandise. A jury found the defendant guilty of the first two charges. The court then adjudicated the defendant guilty of grand theft and resisting a police officer. The trial judge sentenced the defendant to serve prison terms of ten years and sixty days, respectively. The sentences were to be served consecutively. In sentencing the defendant, the judge departed from the recommended sentence under the guidelines. The reason given for the departure was that the defendant was an habitual offender under section 775.084, Florida Statutes (1983). See McCuiston v. State, 462 So.2d 830 (Fla. 2d DCA 1985) (sentencing as an habitual offender constitutes a clear and convincing reason for departing from the guidelines). Defendant raises three points on appeal.
First, the defendant contends that the trial court erred in failing to make the specific findings of fact required under the habitual offender statute to show that an extended prison term was necessary to protect the public from defendant's further criminal conduct. § 775.084(3). Defendant relies on Scott v. State, 446 So.2d 261 (Fla. 2d DCA 1984), to support his position.
In Scott, the trial court merely stated that, based on the defendant's record and the particular facts of the case, it was necessary to treat the defendant as a subsequent felony offender. We held that such findings did not satisfy the requirements of section 775.084(3). We find the present case distinguishable from Scott.
In concluding that an extended term of imprisonment was required for the protection of the public, the trial judge here analyzed the defendant's conduct and noted that it demonstrated a conscious pattern of lawlessness. Thus, we hold that the trial judge in this case made sufficient findings to show that an enhanced sentence was necessary to protect the public.
Next, the defendant correctly points out that the record reveals that the jury acquitted him of the charge of resisting a merchant's efforts to recover merchandise. Nevertheless, the written judgment reflects that the defendant was found guilty of this charge.
We find no merit to the remaining point raised by the defendant.
Accordingly, we remand to the trial court for correction of the written judgment to eliminate the conviction of resisting a merchant's efforts to recover merchandise. Otherwise, the defendant's convictions and sentences are affirmed.
GRIMES, A.C.J., and HALL, J., concur.