484 So.2d 86 (1986)
Jerome BERRY, Appellant,
v.
STATE of Florida, Appellee.
No. 85-55.
District Court of Appeal of Florida, Second District.
March 5, 1986.
*87 J. Marion Moorman, Public Defender, Bartow, and L.S. Alperstein, Asst. Public Defender, Tampa, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and William I. Munsey, Jr., Asst. Atty. Gen., Tampa, for appellee.
SCHEB, Acting Chief Judge.
Defendant Jerome Berry challenges the revocation of his probation and his sentence as an habitual offender. We affirm the revocation, but we vacate his sentence.
In 1982 defendant pled nolo contendere to aggravated assault, and the trial court placed him on probation for three years. In October 1983 the court extended his probation for one year.
In December 1983 and February and August of 1984, defendant's probation officer filed affidavits alleging the defendant had violated technical and substantive conditions of his probation. The technical violations consisted of defendant's alleged failure to file truthful, written monthly reports, failure to pay various supervision and court costs, and his change of residence without notifying his probation officer. The substantive violations consisted of his alleged commission of four robberies and two attempted first-degree murders.
On August 6, 1984, at a hearing on the technical violations, defendant's probation officer testified that defendant had not been living at his approved residence and had failed to give notice of any change of residence. further, she said that defendant's monthly report was not truthful because it did not indicate his change of address. The state did not offer any evidence of the defendant's ability to pay his costs of supervision and court costs. In fact, the probation officer admitted she had no knowledge of defendant's ability to pay. The judge reserved a ruling on the alleged technical violations until a later time.
Although the judge had not previously ruled on the technical violations, at a hearing on September 18, 1984, he stated that he believed he had found defendant guilty of them. Defense counsel asserted that the judge had found defendant guilty of only "a couple of technical violations." The judge agreed but did not designate any specific violations the defendant had committed.
On October 5, 1984, at a hearing on the substantive violations, the state submitted evidence that defendant had committed one armed robbery of a gas station but offered no evidence on the other alleged substantive violations. The judge found defendant guilty of violating probation based on the gas station robbery and revoked his probation. The state then notified defendant that it would request the court treat him as an habitual offender under section 775.084, Florida Statutes (1983).
On December 14, 1984, at the sentencing hearing, the judge determined that defendant had been found guilty of committing a felony within five years of the felony for which he was being sentenced. The judge then proceeded to find that defendant was *88 an habitual offender because it was "necessary for the protection of the public from further criminal activity by the defendant based on the record and the presentence investigation." The court sentenced defendant to seven years' imprisonment. This timely appeal ensued.
Defendant raises two points. First, he asserts that the trial court erred in classifying him as an habitual offender without making findings of fact that demonstrated on their face an extended term was necessary to protect the public from his further criminal conduct pursuant to section 775.084(3)(d), Florida Statutes (1983). Next, he contends that the court's order revoking his probation erroneously lists violations which were not proved and which he did not admit. He is correct on both points.
In Scott v. State, 446 So.2d 261 (Fla. 2d DCA 1984), we determined that the imposition of an enhanced sentence was improper where the trial court's determination was "based on the defendant's record and the particular facts of the case." Id., 446 So.2d at 262. Recently, we held that a trial judge could not base habitual offender status on his finding that a defendant had not profited by his jail sentences and had launched himself into a career as a criminal. Fleming v. State, 480 So.2d 715 (Fla. 2d DCA 1986). As in Scott and Fleming, this trial judge's stated reason for sentencing the defendant as an habitual offender is insufficient. See also Wright v. State, 476 So.2d 325 (Fla. 2d DCA 1985).
We recognize that in White v. State, 481 So.2d 1258 (Fla. 2d DCA 1986), we held a trial judge's sentencing of a defendant as an habitual offender was proper where the judge analyzed the defendant's conduct and concluded that it demonstrated a conscious pattern of lawlessness. Unlike White, the record here does not demonstrate that the trial judge's conclusion was based on an analysis of either the defendant's conduct or the presentence investigation report.
Concerning defendant's second contention, the order revoking probation lists six substantive offenses. Defendant's armed robbery of the gas station was a sufficient basis to revoke probation. Robinson v. State, 366 So.2d 1239 (Fla. 2d DCA 1979). However, since the defendant did not admit the other three robberies and two attempted first-degree murder allegations, and the state did not prove them, they must be stricken from the order revoking probation. Underwood v. State, 455 So.2d 1133 (Fla. 2d DCA 1984); Paul v. State, 421 So.2d 696 (Fla. 2d DCA 1982); Robinson.
As to the technical violations, the state only introduced evidence of defendant's failure to submit a truthful monthly report and failure to notify his probation officer of his change of residence. Since no evidence was introduced showing defendant had the ability to pay supervision and court costs, that allegation must be stricken from the revocation order. See Griffin v. State, 481 So.2d 1312 (Fla. 2d DCA 1986); Underwood; Raines v. State, 445 So.2d 408 (Fla. 2d DCA 1984); Robinson. Finally, since the trial judge did not indicate which technical violations defendant had committed, we must remand for entry of an amended order where the judge may specify those technical violations. The judge must limit such a finding to those violations which we have noted were supported by the evidence.
Accordingly, we affirm the revocation of defendant's probation and his conviction for aggravated assault. We vacate his sentence and remand for resentencing and entry of an amended order revoking probation consistent with this opinion.
DANAHY and SANDERLIN, JJ., concur.