487 So.2d 37 (1986)
James Willie SIMS, Appellant,
v.
STATE of Florida, Appellee.
No. 84-2591.
District Court of Appeal of Florida, Second District.
March 12, 1986.
Rehearing Denied April 29, 1986.
James Marion Moorman, Public Defender, and Ann N. Radabaugh, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Katherine V. Blanco, Asst. Atty. Gen., Tampa, for appellee.
*38 SCHEB, Acting Chief Judge.
James Willie Sims appeals his judgments and sentences for burglary and petit theft. We find merit in two of the three points he raises on appeal.
Following a jury trial, appellant was convicted of burglary and petit theft. At sentencing, the judge found appellant to be an habitual offender and sentenced him to serve ten years in prison. The judge enhanced appellant's sentence on the basis that he "is a habitual felon and that he's been twice previously convicted of the same type crime." The judge also stated that "sentencing, enhanced sentencing is necessary for the protection of the public because of his continuing criminal activity."
Appellant's first contention is that these findings are insufficient to support an enhanced sentence under section 775.084(3)(d), Florida Statutes (1983). He is correct.
Section 775.084(3) provides in pertinent part that:
In a separate proceeding, the court shall determine if it is necessary for the protection of the public to sentence the defendant to an extended term ... and if the defendant is an habitual felony offender or an habitual misdemeanant ...
(d) Each of the findings required as the basis for such sentence shall be found to exist by a preponderance of the evidence... .
The courts of this state have consistently construed this language as requiring that the trial court make specific findings of fact that show on their face that an enhanced sentence is necessary to protect the public from defendant's further criminal conduct. See, e.g., Walker v. State, 462 So.2d 452, 454 (Fla. 1985); Eutsey v. State, 383 So.2d 219, 226 (Fla. 1980); Cavallaro v. State, 420 So.2d 927 (Fla. 2d DCA 1982).
Recently, we held that where the judge enhanced the defendant's sentence based "on the record and presentence investigation," such did not constitute the specific findings of fact contemplated by section 775.084(3). Berry v. State, 484 So.2d 86 (Fla. 2d DCA 1986). Likewise in Fleming v. State, 480 So.2d 715 (Fla. 2d DCA 1986), and Wright v. State, 476 So.2d 325 (Fla. 2d DCA 1985), general statements regarding the applicability of the habitual offender statute and the defendant's failure to learn from past experience were found to be insufficient to justify enhanced sentences.
Here, the court's mere mention of appellant's two prior convictions for the same type crime does not, on its face, show that the public is at risk absent an extended sentence. Moreover, reference to appellant's "continuing criminal activity" is inadequate without additional analysis or findings of fact in support. See Berry. Compare White v. State, 481 So.2d 1258 (Fla. 2d DCA 1986), where we held the judge made sufficient findings to support an enhanced sentence in analyzing the defendant's conduct and noting that it demonstrated a conscious pattern of lawlessness.
Next, appellant correctly points out that he was convicted of burglary of an unoccupied motor vehicle, which is a third degree felony in violation of section 810.02(3), Florida Statutes (1983). However, the written judgment omits reference to the degree of appellant's burglary conviction. We, therefore, remand for correction of the written judgment to show that appellant's burglary conviction is a third degree felony.
We find no merit to appellant's third point on appeal.
Accordingly, we affirm appellant's convictions for burglary and petit theft but vacate his sentence and remand for resentencing consistent with this opinion.
HALL and SANDERLIN, JJ., concur.