HALL, Judge.
Christina Welsh appeals her judgment and sentence for grand theft. She raises two points on appeal. We find merit only in her contention that the trial judge made insufficient findings in support of her enhanced sentence under section 775.-084(3)(d), Florida Statutes (1983).
Appellant was found guilty by a jury and subsequently sentenced to ten years’ imprisonment as a habitual offender. The record reveals that she had previously been convicted of three felonies, four misdemeanors, and twenty-nine category six theft offenses. In support of the habitual offender determination, the trial judge found “that the deféndant has previously been convicted of felonies in this state within the last five years, that the defendant’s convictions have not been set aside or [sic] has she received a pardon, that the imposition of sentence under Florida Statute 775.084 ... is necessary for the protection of the public from further criminal activity....”
Pursuant to section 775.084(3)(d), a trial court is required to make specific findings of fact that show on their face the necessity of an enhanced sentence for the protection of the public from a defendant’s further criminal activity. Fry v. State, 359 So.2d 584 (Fla. 2d DCA 1978); Scott v. State, 446 So.2d 261 (Fla. 2d DCA 1984); Berry v. State, 484 So.2d 86 (Fla. 2d DCA 1986).
Although the record appears to provide sufficient support for sentencing appellant *39 as a habitual offender, the findings do not meet the requirements of section 775.-084(3)(d). See White v. State, 481 So.2d 1258 (Fla. 2d DCA 1986).
We affirm appellant’s conviction but vacate her sentence and remand for resen-tencing in accordance with this opinion.
GRIMES, A.C.J., and FRANK, J., concur.