486 So.2d 53 (1986)
James E. JOHNSON, Appellant,
v.
STATE of Florida, Appellee.
No. 85-861.
District Court of Appeal of Florida, Second District.
April 4, 1986.
James Marion Moorman, Public Defender, Bartow, and Allyn Giambalvo, Asst. Public Defender, Clearwater, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and James H. Dysart, Asst. Atty. Gen., Tampa, for appellee.
FRANK, Judge.
James E. Johnson appeals from concurrent terms of imprisonment following conviction for the crimes of kidnapping and petit theft. The charges against him arose from events which followed a homosexual encounter; he forced his partner-victim under the threat of being cut with a pocket knife to drive around Pinellas County in search of an automatic teller machine from which money could be withdrawn. Ultimately, Johnson stole the $15.00 his victim was able to withdraw. At the time of sentencing, the scoresheet produced a recommended sentencing range of 17 to 22 years. Based upon Johnson's record, however, the state sought the imposition of a habitual offender sentence pursuant to section 775.084, Florida Statutes (1985). The trial court, however, was reluctant to treat Johnson as a habitual offender for to do so would have required a life sentence prescribed *54 in section 775.084(4)(a)1. Thus, the trial court imprisoned Johnson for a total of 30 years and departed from the presumptive range. Recognizing that written reasons supporting enhancement could be provided at a later time, the trial court did not articulate departure grounds at sentencing. The record, however, is barren of any predicate, orally pronounced or written, justifying departure. We must reverse the sentence and remand for resentencing.
The transcript of the sentencing hearing reveals that the trial court confronted a "dilemma" at sentencing. Johnson's presentence investigation report warranted the imposition of a habitual offender sentence  life; he had spent the bulk of his adult life either in jail or in the commission of crimes. It was that background which motivated the state to seek a habitual offender sentence. The trial court, however, was unwilling to sentence Johnson to a life sentence because of the circumstances associated with the crimes for which he was convicted. During the discussion of the trial court's dilemma with the prosecutor and Johnson's attorney, the prosecutor suggested Johnson be given a 30 year sentence, the statutory maximum for a felony in the first degree. § 775.082(3)(b), Fla. Stat. (1985). The trial court found that term acceptable and Johnson's attorney stated, "We prefer that you sentence him to 30 years." Contrary to the state's contention, Johnson's post-trial, post-conviction sentence was not the product of plea bargaining. See Brown v. State, 367 So.2d 616 (Fla. 1979); Fla.R.Crim.P. 3.171. The opportunity to bargain a plea had passed and the colloquy can not be taken to mean there was a negotiated agreement for a specific departure sentence. Cf. Bell v. State, 453 So.2d 478 (Fla. 2d DCA 1984). Thus, we are left with a departure sentence unsupported by the elements required by Rule 3.701(d)(11)  clear and convincing reasons set forth in a separate written document.
Accordingly, we are compelled to vacate the sentence and remand with direction that Johnson be resentenced in conformity with either section 775.084, Florida Statutes (1985), or Rule 3.701 of the Florida Rules of Criminal Procedure.[1]
GRIMES, A.C.J., and HALL, J., concur.
NOTES
[1] If the trial court determines to resentence Johnson as a habitual offender, its attention is signalled to Eutsey v. State, 383 So.2d 219 (Fla. 1980), and to our opinions in White v. State, 481 So.2d 1258 (Fla. 2d DCA 1986), Ferguson v. State, 481 So.2d 924 (Fla. 2d DCA 1986) and Fleming v. State, 480 So.2d 715 (Fla. 2d DCA 1986).