489 So.2d 157 (1986)
Reginald BOGAN, Appellant,
v.
STATE of Florida, Appellee.
No. 84-2679.
District Court of Appeal of Florida, Second District.
May 28, 1986.
J. Marion Moorman, Public Defender, Bartow, and L.S. Alperstein, Asst. Public Defender, Tampa, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Katherine V. Blanco, Asst. Atty. Gen., Tampa, for appellee.
FRANK, Judge.
The appellant challenges the trial court's order sentencing him beyond the sentencing guidelines as a habitual offender.
After a jury found the appellant guilty of burglary and grand theft, violative of sections 810.02 and 812.014(2)(b), Florida Statutes (1983), the state notified him of its intention to ask the trial court to treat him as a habitual offender under section 775.084, Florida Statutes (1983). At the initial sentencing hearing, the trial court, relying upon the appellant's "rapsheet," found he *158 was a habitual offender, stating "I find, due to his record, it is necessary for the protection of the public and sentence the defendant to an extended term as provided in this law." After defense counsel objected and argued that a rapsheet is insufficient proof of a prior conviction within the last five years, an element necessary to invoke the habitual offender statute, the trial court continued the hearing to afford the state an opportunity to submit a certified copy of the appellant's prior felony conviction within the preceding five years. At a subsequent sentencing hearing, a certified copy of such conviction was admitted into evidence and the trial court again found the appellant to be a habitual offender, stating merely that the finding was based upon the appellant's prior record. The court then departed from the sentencing guidelines' recommended range shown by a scoresheet to be 3 1/2-4 1/2 years of imprisonment and imposed consecutive sentences of 30 years of incarceration for burglary and 10 years of imprisonment for grand theft. At the conclusion of the hearing, the trial court directed the state to prepare and submit a written order setting out the facts of the instant offense, the fact that the appellant perjured himself, and the appellant's past record of convictions. An order was prepared by the prosecutor and executed by the trial court. The order embodied the reasons articulated by the trial judge as well as the prosecutor's conclusions that the appellant "displayed a continuing pattern of criminal behavior showing a complete disregard for the criminal justice system" and that he "refused to be a good probation candidate." In addition to the reasons contained in the written order, the trial court noted at the bottom of the scoresheet the following reasons for departure: "Habitual Offender, Severe Past Record; Facts of the primary offense; Defendant perjured himself at the jury trial."
We find merit in the four points raised by the appellant. First, the trial court failed to comply with section 775.084(3)(d) of the habitual offender statute which requires specific findings of fact demonstrating on their face that an extended term of imprisonment is necessary to protect the public from the appellant's future criminal behavior. See Eutsey v. State, 383 So.2d 219 (Fla. 1980). The trial court's general statement, that "due to his record, it is necessary for the protection of the public and sentence the defendant to an extended term as provided in this law," does not satisfy section 775.084(3)(d), see Scott v. State, 446 So.2d 261 (Fla.2d DCA 1984); nor does the court's statement uttered at the second sentencing hearing that its finding was based upon the appellant's prior record. Id. Such omission offends the duty imposed by section 775.084(3)(d) and is appealable regardless of whether the omission was objected to at the hearing. Walker v. State, 462 So.2d 452 (Fla. 1985); Wright v. State, 476 So.2d 325 (Fla.2d DCA 1985).
The trial court also erred in reclassifying the primary offense at sentencing, burglary, from a second degree felony to a first degree felony based upon the appellant's habitual offender status, Dominguez v. State, 461 So.2d 277 (Fla. 5th DCA 1985); that act resulted in the addition of thirty points to the guidelines score thus causing the appellant's presumptive sentence to fall within a cell of 3 1/2-4 1/2 years incarceration instead of community control or 12-30 months incarceration. The guidelines' provision which permits reclassification of the primary offense under enhancement statutes does not apply to the habitual offender statute. Id. at 278.
A third infirmity in the trial court's sentencing procedure occurred when the state prepared and the trial court accepted a written order which included not only the trial court's reasons for departure stated at the sentencing hearing but also the prosecutor's reasons. The trial court's acceptance of reasons conceived by the state does not satisfy its duty to determine the reasons for departure. Johnson v. State, 483 So.2d 839 (Fla.2d DCA 1986).
Finally, the trial court erred by departing from the guidelines for invalid reasons. *159 Although we have sanctioned a trial court's reliance upon a "habitual offender" determination, merely noted upon the scoresheet as the reason for departure, Hale v. State, 490 So.2d 122 (Fla.2d DCA 1986), the habitual offender conclusion must first be reached free from error and in accordance with section 775.084(3). Fleming v. State, 480 So.2d 715 (Fla.2d DCA 1986). The court also relied upon the facts of the instant case to support its departure. These facts, however, reveal nothing egregious in the circumstances surrounding the commission of the crime so as to warrant departure from the guidelines. See Neal v. State, 487 So.2d 367 (Fla.2d DCA 1986). Similarly, the appellant's asserted perjury at trial, without subsequent conviction, and the appellant's past record of convictions, are invalid reasons. Edwards v. State, 482 So.2d 553 (Fla.2d DCA 1986).
Accordingly, the appellant's sentence is vacated and the matter is remanded for resentencing.
DANAHY, A.C.J., and LEHAN, J., concur.