GRIMES, Judge.
Appellant appeals his sentence resulting from a conviction for second-degree murder. Appellant has raised several issues on appeal, but merit is found only in the allegation that the trial court failed to make findings of fact in support of an enhanced sentence as required by the habitual offender statute. § 775.084(3)(d), Fla.Stat. (1985).
The state, pursuant to section 775.-084(3)(b), Florida Statutes (1985), served written notice on appellant of its intention to have him declared a habitual offender. The habitual offender statute requires specifically that the trial court make findings of fact that demonstrate on their face that an extended sentence is necessary to protect the public from a defendant’s further criminal conduct. Walker v. State, 462 So.2d 452 (Fla.1985); Sims v. State, 487 So.2d 37 (Fla. 2d DCA 1986); Cavallaro v. State, 420 So.2d 927 (Fla. 2d DCA 1982). At sentencing, the trial court made the following determination:
Mr. Hugger, in Case No. CF85-846, I have considered the presentence investigation and I’ve considered everything that I’ve heard here today, and I have also gone over in my own mind the facts and circumstances of the case as I heard it at the jury trial.
And it’s going to be my finding that you ought to be sentenced as a habitual felony offender and I specifically make a finding that you’ve previously been convicted of a felony in this state within the time period as set out in Chapter 775.084. And I also specifically find that it will be — that it’s necessary for the protection of the public from further criminal activity on your part that your sentence be enhanced.
*891 Thereafter, appellant was sentenced outside the recommended guidelines sentence of fifteen years and given life in prison.
We believe that the foregoing statement lacked the requisite specificity to justify the enhancing of appellant’s sentence. See Berry v. State, 484 So.2d 86 (Fla. 2d DCA 1986); Scott v. State, 446 So.2d 261 (Fla. 2d DCA 1984). It may be that matters contained in the presentence investigation and pertinent facts developed at the trial would demonstrate the heed for departure, but these were not enumerated. Accordingly, we affirm appellant’s conviction but vacate his sentence and remand for resentencing. Any effort to resentence appellant as a habitual offender should be accompanied by the findings required by the statute.
DANAHY, C.J., and CAMPBELL, J., concur.