SCHEB, Acting Chief Judge.
Defendant, James E. Johnson, appeals his judgment and sentence for kidnapping and petit theft. The only point he raises is that the trial court improperly departed from the recommended guidelines sentence. He is correct.
In 1984, defendant was charged with kidnapping and robbery. He was found guilty of kidnapping and grand theft; however, the court subsequently reduced the theft offense to petit theft. The trial court departed from the guidelines and sentenced the defendant concurrently to thirty years for kidnapping and one year for petit theft. On appeal, this court vacated the sentence and remanded the case for resentencing based on the trial court’s failure to articulate any grounds for departure from the guidelines. Johnson v. State, 486 So.2d 53 (Fla. 2d DCA 1986).
On remand, the trial court resentenced the defendant and again departed from the recommended guidelines sentence by sentencing him concurrently to thirty years for kidnapping and sixty days for petit theft. The court gave four written reasons for departure, and this appeal by the defendant ensued.
Defendant correctly points out that the guidelines recommended a sentence of seventeen to twenty-two years. He contends that none of the reasons given by the court for the departure sentence justify departure.
The first reason given by the trial court for departure was that “The Defendant was armed with a pocket knife and threatened victim with it during commission of offense.” The defendant contends his use of the pocketknife was the element of force in the charge of robbery. If so, it was error for the court to depart on such basis because the defendant was not found guilty of robbery. Rather he was found guilty of grand theft, which the trial court subsequently reduced to petit theft. State v. Tyner, 506 So.2d 405 (Fla.1987) (a court is not permitted to consider any factors relating to the instant offense as the basis *660 for departure from the guidelines if such factors would subject the defendant to prosecution for a crime for which he has not been convicted). In any event, this reason is not supported by the record. See State v. Mischler, 488 So.2d 523 (Fla.1986) (“clear and convincing reasons” require that the facts supporting the reasons be credible and proven beyond a reasonable doubt).
The trial court’s second reason given for departure was that “The Defendant knew he had a vulnerable victim, one not likely to report the crime.” Whether or not the victim was likely to report the offense is irrelevant since he did report it. Moreover, while vulnerability of a victim has been regarded as a basis for departure, see Hadley v. State, 488 So.2d 162 (Fla. 1st DCA 1986), and Von Carter v. State, 468 So.2d 276 (Fla. 1st DCA 1985), the record here does not support departure on that basis.
The third reason given for departure was that “While the defendant’s many past criminal offenses were factored in to the recommended sentencing range of 17 to 22 years, the present crime is indicative of the esculating (sic) pattern of the Defendant to commit more dangerous and serious crimes as he goes through life.” Escalating criminal involvement can be a valid basis to depart. Booker v. State, 482 So.2d 414 (Fla. 2d DCA 1985). See also Abt v. State, 504 So.2d 548 (Fla. 4th DCA 1987) (a history of crimes committed in an escalating pattern in nature and severity). During the resentencing hearing, the trial judge mentioned that a lot of defendant’s previous convictions “were on theft and breaking and entering and things like that.” There is, however, no record support for either the prior convictions or the escalating pattern of defendant’s conduct beyond the trial judge’s statements. Thus, this third reason fails for lack of record support. See State v. Mischler.
The fourth reason given was that “This Court considering the crimes for which the Defendant was convicted, frankly, feels a life sentence, if Defendant was classified an habitual offender, is too harsh, but the guideline maximum sentence of 22 years is too lenient.” This is a patently invalid reason. Scott v. State, 508 So.2d 335 (Fla.1987) (the fact that the recommended guideline sentence is insufficient is not a valid reason for aggravating the sentence). See McNealy v. State, 502 So.2d 54 (Fla. 2d DCA 1987).
Accordingly, we vacate the defendant’s sentence and remand with directions to re-sentence him within the range recommended by the guidelines.
CAMPBELL and SCHOONOVER, JJ., concur.