PARKER, Judge.
Appellant Robinson seeks review of convictions and sentences for alligator poaching, possession of a firearm by a convicted felon and dealing in stolen property.
The points on appeal are as follows:
I.
WHETHER THE TRIAL COURT ERRED IN ADMITTING EVIDENCE OF OTHER CRIMES ALLEGEDLY COMMITTED BY THE APPELLANT.
II.
WHETHER THE TRIAL COURT IMPROPERLY FOUND THE APPELLANT TO BE A HABITUAL OFFENDER.
III.
WHETHER THE HABITUAL OFFENDER STATUTE WAS IMPROPERLY USED AS A REASON TO DEPART FROM THE GUIDELINES RECOMMENDED SENTENCE.
We affirm the convictions, but remand for resentencing based upon error in points II and III.
We find no merit in Robinson’s first point on appeal. See Heiney v. State, 447 So.2d 210 (Fla.1984), cert. denied, 469 U.S. 920, 105 S.Ct. 303, 83 L.Ed.2d 237 (1984), and Trees v. K-Mart Corp., 467 So.2d 401 (Fla. 4th DCA 1985), review denied, 479 So.2d 119 (Fla.1985).
We agree with Robinson’s second point however. The trial court’s declaration that Robinson is a habitual offender lacks the specific findings required to be made by the trial court in order for a criminal defendant to be determined to be a habitual offender. Eutsey v. State, 383 So.2d 219 (Fla.1980); Sims v. State, 487 So.2d 37 (Fla. 2d DCA 1986). Here, the trial court’s general statement that: “I find that it is necessary for the protection of the public ...” has been deemed insufficient to satisfy the above requirement. Id.
*704 In any event, the trial court erred in using the habitual offender status as a reason for departure from the sentencing guidelines recommended sentence. Subsequent to the sentencing herein, the Florida Supreme Court decided Whitehead v. State, 498 So.2d 863 (Fla.1986). In Whitehead, the supreme court held that habitual offender status is not a legitimate reason to depart from the sentencing guidelines recommended sentence.
Accordingly, we remand for resentencing within the guidelines presumptive sentence. Shull v. Dugger, 515 So.2d 748 (Fla.1987).
SCHEB, A.C.J., and RYDER, J., concur.