HALL, Judge.
Keith Andre Johnson appeals from his sentences for trafficking in heroin and possession of cocaine, contending that the trial court erred in revoking his probation, in finding that he was a habitual offender, and in departing from the guidelines on the basis that he was a habitual offender. We reverse.
We find no merit in the first point as the appellant was in fact not placed on probation for the charge for which he was sentenced. As to the second and third points, we agree with the appellant and reverse.
In order to support enhancement under the habitual offender statute, the trial court must make specific findings of fact that show an enhanced sentence is necessary to protect the public from the *295 defendant’s further criminal conduct. General statements are inadequate without analysis or factual support. Sims v. State, 487 So.2d 37 (Fla.2d DCA 1986). We find that the trial court’s reasons for finding the appellant to be a habitual offender are too general. We therefore strike the finding of the trial court declaring the appellant to be a habitual offender.
The appellant further contends that the trial court erred in departing from the recommended guidelines sentence, as the only reason given for the departure is that he is a habitual offender. We agree with this contention. As the supreme court stated in Whitehead v. State, 498 So.2d 863 (Fla. 1986), habitual offender status is not a valid reason supporting departure from the recommended guidelines sentence.
The appellee contends that the trial court did not have a correct scoresheet before it when it sentenced the appellant. In light of this contention, we reverse the appellant’s sentences and remand for sentencing within the guidelines as set forth in a correct scoresheet.
Reversed and remanded with directions.
SCHEB, A.C.J., and FRANK, J., concur.