SCHOONOVER, Acting Chief Judge.
The appellant, Curtis Williams, challenges the sentences imposed upon him after he was found guilty of two counts of sale of a false controlled substance in violation of section 817.563(1), Florida Statutes (1987). We find that the trial court erred in sentencing the appellant and, accordingly, reverse and remand for resentencing.
After the appellant was found guilty by a jury of two counts of sale of a false controlled substance, the state, pursuant to a prior notice, requested the court to find that the appellant was an habitual felony offender. The court stated that the PSI, the scoresheet, and the evidence were sufficient to support a finding that the appellant was an habitual offender and granted the state’s request. After making this finding, the court, using a category VII scoresheet, sentenced the appellant to serve two concurrent seven year prison sentences. This timely appeal followed.
We agree with the appellant’s contention that the trial court erred by finding that he was an habitual felony offender without complying with the requirements of section 775.084, Florida .Statutes (1987). In order to impose an enhanced sentence under the 1987 version of the habitual offender statute, the court must make specific findings of fact which establish that an extended term is necessary in order to protect the public from the defendant’s further criminal conduct. A mere conclusory statement such as given by the trial court in this case is not sufficient. Pugh v. State, 547 So.2d 289 (Fla. 1st DCA 1989). See also Hugger v. State, 496 So.2d 890 (Fla. 2d DCA 1986). We, accordingly, vacate the appellant’s sentence and remand for resentencing. The trial court may reconsider application of the habitual offender statute upon resentencing, but in the event he applies the statute, he must make the findings required by the statute.
The court also erred by using a category VII scoresheet in determining the appellant’s guidelines sentence. A category VII scoresheet is applicable in determining a sentence for convictions dealing with drugs under chapter 893, Florida Statutes (1987). Fla.R.Crim.P. 3.988(g). The appellant was convicted of sale of a false controlled substance in violation of section 817.563. Since the appellant was convicted under a fraud statute, he should have been sentenced under a category VI scoresheet. Fla.R.Crim.P. 3.988(f); Lindsey v. State, 453 So.2d 485 (Fla. 2d DCA 1984). Therefore, upon remand for resentencing, the judge should use the category VI score-sheet.
*448 At the appellant’s original sentencing hearing, the appellant challenged several of the convictions attributed to him on the scoresheet. We cannot ascertain from the record furnished to us if the state carried its burden of corroborating the accuracy of the challenged convictions. We remind the court, however, that upon remand, if the appellant challenges any prior convictions listed on the new scoresheet, the state must corroborate them. Smith v. State, 528 So.2d 100 (Fla. 2d DCA 1988).
Reversed and remanded for resentenc-ing.
LEHAN and PATTERSON, JJ., concur.