SCHOONOVER, Chief Judge.
The appellant, Fred Lee West, challenges the sentences imposed upon him after he was found guilty of attempted second degree murder and possession of a firearm by a convicted felon.
We find-no merit in the appellant’s contentions that the trial court erred by imposing a departure sentence and by failing to timely file written reasons for departure. § 921.001(5), Fla.Stat. (1987). Ree v. State, 565 So.2d 1329 (Fla.1990) (Requirement of contemporaneous written reasons to be applied prospectively).
We agree, however, with the appellant’s contentions that the trial court erred by imposing a public defender’s fee without adequate notice and by sentencing him as an habitual offender.
The state agrees that the trial court erred by ordering the appellant to pay a *90 $2000 public defender fee without adequate notice. We, accordingly, strike that portion of the judgment and sentence form which imposes an attorney’s lien. At re-sentencing the state may, after proper notice, seek reimposition of said lien.
At the appellant’s sentencing hearing, the trial court found that an enhanced sentence was necessary for the protection of the public, but made no specific findings supporting its conclusion. Since the appellant’s offenses were committed prior to the effective date of the amendment to the habitual offender statute, i.e. October 1, 1988, the trial court erred by not making specific findings of fact establishing that an extended term of imprisonment was necessary to protect the public from further criminal conduct. § 775.084(3), Fla.Stat. (1987); Webb v. State, 560 So.2d 1226 (Fla. 2d DCA 1990); Scott v. State, 446 So.2d 261 (Fla. 2d DCA 1984).
We, accordingly, affirm the appellant’s convictions but vacate the sentences imposed upon him and remand for resentenc-ing. At resentencing, the trial court may again sentence the appellant as an habitual offender if it makes the findings of fact required by section 775.084(3). Webb.
Affirmed in part, reversed in part, and remanded.
SCHEB and DANAHY, JJ., concur.