PER CURIAM.
Andre Williams appeals the order revoking his probation and the jail credit listed on the written sentences. We affirm the revocation order and the sentences but remand for correction of errors.
Williams’s' probation officer filed an amended affidavit of violation of probation which set forth two violations. Williams admitted to one violation and part of a second violation, but he specified that he was not admitting to the remaining allegations contained in the second violation. The trial court accepted the conditional admission of guilt; however, the revocation of probation order included the additional allegations of *389 the second violation which the trial court indicated it would exclude. Because the state presented no evidence regarding the violations, the order should contain only the facts to which Williams admitted. See Robinson v. State, 366 So.2d 1239 (Fla. 2d DCA 1979).
Additionally, the state concedes that the sentences in these cases do not reflect accurately the trial court’s oral pronouncement regarding jail credit. The trial court stated that Williams was entitled to twelve years and 214 days jail credit or a total of 4594 days. The sentences indicate that he was credited with 2119 days in three eases and 2080 days in the remaining five cases. A trial court’s written sentence must not vary from its oral pronouncement. Wright v. State, 600 So.2d 548 (Fla. 2d DCA 1992).
We affirm the revocation of Williams’s probation but remand for the trial court to strike that portion of the order which finds a violation to which Williams did not admit. Further, the cause is remanded to allow correction of the apparent clerical errors regarding jail credit in the sentences. The judgments and sentences are affirmed in all other respects.
RYDER, A.C.J., and PARKER and PATTERSON, JJ., concur.