SILBERMAN, Judge.
 

 Taurean Jamaal Brown appeals the revocation of his probation for driving while license suspended or revoked as a habitual traffic offender. We affirm the revocation of probation and resulting sentence but remand for the trial court to strike the finding of a violation of condition 2 from the revocation order.
 

 The evidence presented at the revocation hearing was sufficient to prove that Brown violated conditions 4 and 50 of his probation, which included the new law violation of sale of cocaine. However, before finding that Brown violated condition 2, failure to pay the cost of supervision, the trial court was required to find that Brown had the ability to make the required payments.
 
 See Neves v. State,
 
 502 So.2d 1343, 1344 (Fla. 2d DCA 1987);
 
 Coxon v. State,
 
 365 So.2d 1067, 1068 (Fla. 2d DCA 1979).
 

 At the revocation hearing, the probation officer testified that Brown had other monetary obligations in addition to the cost of supervision and that Brown was unemployed. Further, Brown had been declared indigent for the revocation proceedings. The trial court found that Brown had failed to pay his cost of supervision of $80 that had accrued as of June 30, 2004. The trial court found that Brown “had money” because he got $80 when he sold the cocaine to an undercover detective on June 15, 2004. Based on the evidence that Brown was unemployed and had other monetary obligations in connection with his probation, the evidence that he received $80 in an undercover drug deal was insufficient to prove that he had the ability to pay the cost of supervision.
 

 Nevertheless, we affirm the revocation of probation and sentence because the trial court would have revoked probation based on the new law violation alone.
 
 See Underwood v. State,
 
 455 So.2d 1133, 1133 (Fla. 2d DCA 1984). We remand for the trial court to strike the finding of a violation of condition 2 from the revocation order.
 
 See id.
 
 at 1134.
 

 Affirmed and remanded.
 

 NORTHCUTT, C.J., and WHATLEY, J., Concur.