NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

JUSTIN ALAN KASE,                          )
                                           )
          Appellant,                       )
                                           )
v.                                         )          Case No. 2D15-4994
                                           )
STATE OF FLORIDA,                          )
                                           )
          Appellee.                        )
_____)

Opinion filed December 14, 2016.

Appeal from the Circuit Court for Charlotte
County; John L. Burns, Acting Circuit
Judge.

Howard L. Dimmig, II, Public Defender,
and Pamela H. Izakowitz, Assistant Public
Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Brandon R. Christian,
Assistant Attorney General, Tampa, for
Appellee.


PER CURIAM.

          Justin Alan Kase appeals an order revoking his probationary sentence for

driving while his license was suspended or revoked.  He argues that the trial court erred

in revoking his probation because the State failed to establish a willful and substantial

violation of probation. On October 22, 2015, the trial court imposed Mr. Kase's new sentence of 364 days in the county jail. We are informed that Mr. Kase was released from jail on March 1, 2016.

We agree with Mr. Kase that the trial court erred in finding that Mr. Kase had committed a willful and substantial violation of probationary condition 3 for moving from his approved residence without permission. However, the record supports the trial court's finding that Mr. Kase committed a willful and substantial violation of condition 9 by failing to report to the probation office as instructed. The trial court's comments leave no doubt that it would have revoked Mr. Kase's probation based solely on the violation of condition 9. Thus we need not remand for the trial court to consider whether it would have revoked Mr. Kase's probation based solely on the violation of condition 9. See Brown v. State, 6 So. 3d 671, 672 (Fla. 2d DCA 2009) (affirming an order revoking probation after determining one of the grounds for revocation was improper when it was clear that the trial court would have revoked the appellant's probation on the remaining ground).

Accordingly, we affirm the order revoking Mr. Kase's probation and his sentence. We remand this case to the trial court to strike the finding of a violation of condition 3 from the order of revocation. See id.

Affirmed; remanded for correction of order.

NORTHCUTT, WALLACE, and KHOUZAM, JJ., Concur.

- 2 -