482 So.2d 553 (1986)
Ronald EDWARDS, Appellant,
v.
STATE of Florida, Appellee.
No. 85-1059.
District Court of Appeal of Florida, Second District.
February 5, 1986.
*554 James Marion Moorman, Public Defender and William H. Pasch, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Davis G. Anderson, Jr., Asst. Atty. Gen., Tampa, for appellee.
FRANK, Judge.
The appellant, Ronald Edwards, was charged with and found guilty of possession of a firearm by a convicted felon. Although the recommended sentence under the sentencing guidelines was two and one-half to three and one-half years of incarceration, the trial court chose to enhance Edwards' sentence beyond the recommended range and sentenced him to a prison term of fifteen years. Edwards challenges the adequacy of the written reasons underlying departure. We reverse the sentence.
In his statement of aggravating reasons, the trial court concluded that the guidelines did not assess sufficient points for Edwards' prior conviction for armed robbery with a butcher knife. Use of a prior conviction to enhance a sentence evades the guidelines' stated purpose of establishing uniformity in sentencing and is improper. Hendrix v. State, 475 So.2d 1218 (Fla. 1985).
Edwards had been apprehended quite early one morning while he was sitting in a car backed in next to a convenience store. The trial court examined the circumstances of the offense and included the following observations in his reasons for departure:
The defendant was in the darkened area of a convenience store parking lot in the small hours of the night with another convicted felon with two guns and live rounds in the car. It is impossible to determine if he was contemplating another armed robbery, but no justification whatsoever has been advanced for the possession of these weapons. Further, the defendant's statement that he was unaware that the gun was in the car is an obvious falsehood.
Simply because Edwards could not or would not advance a "lawful" justification for possession of a firearm, the trial court essentially concluded that he was on the verge of committing some illegal act. Consideration of crimes for which no convictions have been obtained is improper. Banzo v. State, 464 So.2d 620 (Fla. 2d DCA 1985). Similarly, departure grounded upon the belief that Edwards lied at trial, and hence committed the crime of perjury, is equally improper. Sloan v. State, 472 So.2d 488 (Fla. 2d DCA 1985). Finally, the trial court labelled Edwards a "career criminal" without offering any subsidiary factual basis for that conclusion.
Because the trial court relied upon impermissible grounds for departure, we affirm the defendant's conviction but reverse the sentence and remand to the trial court for resentencing within the presumptive range prescribed by the guidelines.
SCHEB, A.C.J., and LEHAN, J., concur.