487 So.2d 367 (1986)
Roy Lee NEAL, Appellant,
v.
STATE of Florida, Appellee.
85-1307.
District Court of Appeal of Florida, Second District.
April 18, 1986.
James Marion Moorman, Public Defender, Bartow, and William H. Pasch, Asst. Public Defender, Bartow, for appellant.
*368 Jim Smith, Atty. Gen., Tallahassee, and William I. Munsey, Jr., Asst. Atty. Gen., Tampa, for appellee.
SCHEB, Judge.
Defendant Roy Lee Neal appeals his judgments and sentences for aggravated assault and shooting within a building, violations of sections 784.021 and 790.19, Florida Statutes (1983). His sole contention is that in sentencing him, the trial court improperly departed from the sentencing guidelines. We agree.
A jury found defendant guilty of these offenses. At the sentencing hearing, defendant's guidelines scoresheet indicated a total of forty-six points which translated into a recommended sentence of any non-state-prison sanction. A presentence investigation (PSI) report was introduced indicating defendant had two prior convictions for driving under the influence (DUI). However, the report did not show when defendant had committed these two prior offenses. No points were calculated on the scoresheet for the DUI offenses.
The trial judge sentenced defendant to three years for shooting within the building and sixty days for the assault. The judge based his decision to depart from the recommended guidelines sentence on the defendant's alleged perjury, the facts surrounding the instant offense, and defendant's prior DUI convictions.
Perjury is clearly an impermissible reason for departure. Pursell v. State, 483 So.2d 94 (Fla. 2d DCA 1986); Sloan v. State, 472 So.2d 488 (Fla. 2d DCA 1985). The other two reasons present more troublesome issues in this case.
In departing, the judge recited briefly the facts leading to defendant's arrest on the two charges for which he was convicted and sentenced here. Yet, the facts in this case do not show any egregious circumstances on which to base a departure. See Tompkins v. State, 483 So.2d 115 (Fla. 2d DCA 1986). Thus, the facts surrounding these two offenses constituted an impermissible reason for departure.
As to the last reason, since the record does not indicate when defendant's two DUI offenses occurred, we cannot determine whether they would be a permissible reason for departure. Of course, if these convictions occurred within ten years of the instant offenses, they should have been scored. See Fla.R.Crim.P. 3.701(d)(5)(b). However, the scoring of these DUI convictions would not change the recommended sentence. Thus, on the record before us we cannot say that defendant's prior DUI convictions were a permissible reason for departure. See Hendrix v. State, 475 So.2d 1218 (Fla. 1985).
Accordingly, we affirm the defendant's convictions for assault and shooting within a building, but we reverse his sentences for these offenses and remand the case for resentencing. If, on remand, the trial judge chooses to depart on basis of the prior convictions, the record must include documentation that these offenses did not occur within the last ten years. The defendant may appeal any such departure. If the judge does not depart for this reason, he must sentence defendant within the guidelines. Crews v. State, 477 So.2d 1093 (Fla. 2d DCA 1985).
RYDER, C.J., and SANDERLIN, J., concur.