LEHAN, Judge.
This is a companion case to Heston v. State, 484 So.2d 84 (Fla. 2d DCA 1986). Defendant is the husband of the defendant in that case. The facts are sufficiently stated in this court’s opinion in that case.
*158 Defendant appeals from his conviction for aggravated assault. We affirm. While in the companion case we reversed the aggravated assault conviction because an unloaded crossbow was not a deadly weapon, the defendant here used a loaded speargun.
Defendant also appeals from his conviction for culpable negligence. We affirm. The jury was entitled to conclude from the evidence that defendant’s conduct, including his conduct with the loaded speargun and his driving of the truck, not to mention his joint participation with his wife in the crossbow incident, constituted culpable negligence which caused the accident and injuries.
Defendant further contends that the trial court erred in departing from the recommended guidelines sentence. We agree with this contention. The guidelines recommended sentence was twelve to thirty months in state prison or community control. The trial court sentenced defendant to five year prison terms on each of the four aggravated assault charges and a one year term on the culpable negligence charge, all sentences to run concurrently.
The trial court’s reasons for departing from the guidelines were: (1) that the “incident was outrageous”; (2) that “the chances of rehabilitation of [defendant] were remote”; (3) that “society has the right to be protected from this conduct”; (4)that “it must be clearly established that people do not have the right to take the law into their own hands”; and (5) that defendant was “not [a] fit candidate for probation because of [his] failure to appear at sentencing.” As to reason 1, the circumstances were, in our view, not so egregious as to justify a departure. See Bogan v. State, 489 So.2d 157 (Fla. 2d DCA 1986). Although defendant’s conduct was unquestionably reprehensible, no valid basis exists to give him a longer sentence for that reason than a sentence given to, for example, a person who, in a calm, cool and calculated manner, commits an assault with a gun. As to reason 2, this was not a clear and convincing reason because there was no factual basis therefor. State v. Mischler, 488 So.2d 523 (Fla.1986). As to reason 3, this was an invalid reason for departure. See Young v. State, 489 So.2d 199 (Fla. 2d DCA 1986); Middleton v. State, 489 So.2d 201 (Fla. 2d DCA 1986); and McCray v. State, 488 So.2d 912 (Fla. 2d DCA 1986). As to reason 4, that consideration is contemplated in the presumptive guidelines sentence. As to reason 5, this was an invalid reason for departure; the guidelines presumptive sentence called for incarceration, therefore there was no necessity to depart from the guidelines to avoid putting defendant on probation.
We therefore affirm the convictions but reverse and remand for sentencing within the presumptive guidelines sentence.
Affirmed in part, reversed in part.
GRIMES, A.C.J., and SANDERLIN, J„ concur.