490 So.2d 234 (1986)
Donald W. WEIR, Appellant,
v.
STATE of Florida, Appellee.
No. 85-1802.
District Court of Appeal of Florida, Fifth District.
June 26, 1986.
*235 James B. Gibson, Public Defender, and Daniel J. Schafer, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Belle B. Turner, Asst. Atty. Gen., Daytona Beach, for appellee.
COBB, Chief Judge.
This is an appeal from a departure sentence. We find that none of the reasons for departure expressed by the trial court is clear and convincing and, accordingly, vacate the sentence.
The trial court's bases for departure can be summarized as follows:
(1) That the defendant has repeatedly refused to cooperate;
(2) That the defendant absconded before sentence could be passed and did not appear for the sentencing hearing on August 21, 1985;
(3) That the defendant has a prior felony charge of failure to appear in court;
(4) That the failure to appear and cooperate indicates his lack of remorse and inability to comply with the law.
Two of the trial court's reasons for departure, numbers two and three, involve the defendant's failure to appear when required to do so. In fact, the prior felony charge of failure to appear was dismissed as part of the plea bargain in this case, wherein the defendant pled guilty to one count of uttering a worthless check and one count of burglary. In Monti v. State, 480 So.2d 223 (Fla. 5th DCA 1985), this court held that a departure for failure to appear constitutes an impermissible deviation for a crime for which the defendant has not been convicted. See Fla.R.Crim.P. 3.701(d)(11). It is clear that reasons two and three here fall within this category and, thus, a departure on either basis is improper.
Reasons one and four involve the defendant's failure to cooperate with the probation office, which to the court indicated a lack of remorse and an inability to comply with the law. It is not clear from the record what the noncompliance consisted of. In any event, lack of remorse is an inappropriate basis upon which to impose a departure sentence. See Brown v. State, 483 So.2d 743 (Fla. 5th DCA 1986); Parker v. State, 481 So.2d 560 (Fla. 5th DCA 1986). Similarly, a disregard for the law is an equally improper basis for departure. Lee v. State, 486 So.2d 709 (Fla. 5th DCA 1986).
Since all of the trial court's reasons for departure are improper, the sentence is vacated and the cause remanded for sentencing within the guidelines.
VACATED and REMANDED.
ORFINGER and COWART, JJ., concur.