498 So.2d 1020 (1986)
Michael CARNEGIE, Appellant,
v.
STATE of Florida, Appellee.
No. 85-2278.
District Court of Appeal of Florida, Second District.
December 12, 1986.
*1021 James Marion Moorman, Public Defender, and William H. Pasch, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Lauren Hafner Sewell, Asst. Atty. Gen., Tampa, for appellee.
GRIMES, Acting Chief Judge.
By this appeal, appellant argues that the court erred in imposing a sentence beyond the recommended range of the sentencing guidelines. We agree.
Appellant was convicted of burglary of a dwelling and battery. We reversed the burglary sentence because the court failed to furnish written reasons for departure from the recommended range of the guidelines. Carnegie v. State, 473 So.2d 782 (Fla.2d DCA 1985). Upon remand, the court departed from the recommended range of twelve to thirty months and sentenced appellant to fifteen years. The written reasons given for departure and an analysis thereof follows:
(1) This crime involved extreme violence on the part of the defendant who has a criminal history of violence including one prior felony and one prior misdemeanor. The court concluded that he is a danger to society. From the sentencing colloquy it is evident that the court in referring to extreme violence was alluding to the circumstances which the court believed were sufficient to convict appellant of sexual battery even though the jury acquitted him of that charge. Conduct for which a person has been acquitted cannot be a basis for departure from the guidelines. Fletcher v. State, 457 So.2d 570 (Fla. 5th DCA 1984). Appellant's prior record has already been factored into the guidelines. Hendrix v. State, 475 So.2d 1218 (Fla. 1985).
(2) The manner of entry into the residence and the actions of the defendant when inside the residence show the crime was well planned and thought out. When not an inherent component of the crime, premeditation or calculation may justify a departure if the facts supporting premeditation or calculation are proven beyond a reasonable doubt. Lerma v. State, 497 So.2d 736 (Fla. 1986). However, the record reflects that appellant only contemplated the commission of the crime a few minutes before it occurred. There is no indication that this was a carefully conceived plan.
(3) Defendant showed no remorse whatsoever and the jury, by its verdict, implicitly found that he committed perjury on the witness stand. Lack of remorse is an improper reason for departure. Baker v. State, 493 So.2d 515 (Fla. 1st DCA 1986); Brunson v. State, 492 So.2d 1155 (Fla. 3d DCA 1986). Moreover, a departure from the guidelines cannot be predicated upon the court's conclusion that the defendant "perjured" himself during his testimony. Sloan v. State, 472 So.2d 488 (Fla.2d DCA 1985).
(4) The victim sustained extreme psychological trauma as a result of the crime perpetrated by the defendant. We have held that the infliction of extreme psychological trauma on the victim may be a valid reason to depart from the recommended *1022 guidelines sentence. Ochoa v. State, 476 So.2d 1348 (Fla.2d DCA 1985). However, in this case there is insufficient evidence to demonstrate the degree of psychological trauma required. There was no medical evidence, and the victim did not appear at sentencing. The only reference to the subject came from the prosecutor who stated that the victim worried about the sentence and had nightmares.
(5) Defendant has served a prison term which apparently did not constitute a deterrent to continued criminal activity and, therefore, this court concluded he must be warehoused for the maximum period allowed by law. Once again, since the crime for which appellant served time in prison was factored into the guidelines, that offense may not be used as a reason for departure. Hendrix v. State.
Because none of the reasons for departure were valid, we reverse appellant's burglary sentence and remand for resentencing within the recommended range of the guidelines.
SCHOONOVER and LEHAN, JJ., concur.