RYDER, Acting Chief Judge.
Here, we deal with yet another appeal regarding a departure from a guidelines sentence.
On February 22, 1985, two Sears' security guards observed appellant concealing articles of clothing belonging to the store under her dress and in her purse. When she attempted to leave the store without paying for the clothing, the security guards stopped her and asked her to return to the store. As she reentered the building, she ran into the men’s department and discarded the concealed items. Appellant was secured and handcuffed and the items stolen were recovered.
At trial, the jury found appellant guilty of grand theft. The trial judge adjudged appellant guilty of grand theft and sentenced her to five years incarceration. At the sentencing hearing, the judge acknowledged that the sentence imposed upon appellant exceeded the recommended guidelines sentence. However, the judge did not state his reasons for departure. Instead, the judge stated that he would submit written reasons for departure at a later date.
Appellant raises the following points on appeal: the trial court erred in departing from the sentencing guidelines without stating its reasons for departure at the sentencing hearing; the trial court erred in departing from the sentencing guidelines without providing a clear and convincing reason for its departure; the trial court erred in imposing costs where appellant was indigent and was not provided adequate notice of the imposition. We find merit in all three of appellant’s contentions. We reverse appellant’s sentence and remand for resentencing within the guidelines. We will address each of appellant’s points in order.
The trial court erred in departing from the sentencing guidelines without first stating its reasons for departure at the sentencing hearing. Florida Rule of Criminal Procedure 3.701(d)(11) provides that written reasons must accompany departures from the sentencing guidelines. Florida Rule of Criminal Procedure 3.701(d)(11) does not require that the written reasons be contemporaneously provided. However, due process requires that, at *135 the sentencing hearing, the defendant be informed of the trial court’s reasons for departure. The defendant must be given an opportunity to object to the trial court’s departure grounds.
The trial court failed to state a clear and convincing reason for departure from the sentencing guidelines recommended sentence. The trial court set out the following written reasons for departure from the sentencing guidelines:
The facts of the instant case justify a departure sentence above guidelines. The facts are basically that on February 22, 1985, at approximately 11:53 a.m., Katherine Washington and Lawrence Butler were shopping at the Sears’ Store, 995 E. Memorial Blvd., Lakeland, Florida 33801, when Washington placed 3 pairs of slacks and two shirts underneath her dress and exited the store. Sears’ Store Security Officers Reese and Cumbress chased and apprehended the Subject, bringing her back into the store whereupon she broke loose and ran from the Security Officers and began pulling out items from under her clothing and throwing them to the floor. Subject was apprehended along with Lawrence Butler and handcuffed awaiting the arrival of Lakeland Police Department Officers. Sear’s Store officials placed a value of the clothing at $128.98.
The past record of the defendant established conclusively that she is an experienced shoplifter. The circumstances that the defendant would create a disturbance upon being confronted by the store security officers adds an element to the charge which raises it above the ordinary shoplifting case. It is fortunate that no one was injured in the scuffle. It is reprehensible that the defendant would add insult to injury by creating said disturbance.
The defendant’s criminal record is set forth in the presentence investigation report. She has been convicted on six (6) different occasions for shoplifting. She has been convicted of Grand Theft twice, and Dealing in Stolen Property once. She was previously sentenced to state prison for Violation of Probation with regards to a Grand Theft conviction. It is apparent that none of the dispositions imposed with reference to these cases have deterred her from further criminal activity.
The case was originally negotiated by the state attorney and public defender for up to three (3) years in state prison. This court declined to impose sentence within the terms of the plea agreement because of the defendant’s significant record and the facts of the instant case. The attitude of the defendant is reflected in the report of Jerre B. Sadler, Corrections Probation Officer. Mr. Sadler describes the defendant’s attitude as “cavalier.”
The facts of the instant case did not justify departure from the sentencing guidelines. We have held that a trial court may depart from the sentencing guidelines upon the facts of the case. Mora v. State, 484 So.2d 621 (Fla. 2d DCA 1986). However, the facts must show egregious circumstances and must not be elements of the crime charged. Neal v. State, 487 So.2d 367 (Fla. 2d DCA 1986); Tompkins v. State, 483 So.2d 115 (Fla. 2d DCA 1986).
In the instant case, appellant was apprehended for shoplifting. She broke away from the security guards and fled into the men’s department where she discarded the items. Apparently, appellant’s actions created a disturbance. The trial court departed on the basis of this disturbance. While the departure might appear valid because creating a disturbance is not an element of shoplifting, this disturbance was not shown by the record to have been an egregious enough circumstance to justify departure.
Failure to be rehabilitated by previous prison term is an improper ground for departure in the instant case. In Fuller v. State, 488 So.2d 594 (Fla. 2d DCA 1986), we held that the following group of reasons were proper for departure from the sentencing guidelines: “those reasons which refer to appellant’s course of conduct showing that he is a danger to society, *136 continues a pattern of violent behavior, and has a lack of regard for the law and judicial system, together with his resistance to rehabilitation.” In Booker v. State, 482 So.2d 414, 419 (Fla. 2d DCA 1985), we held that Hendrix v. State, 475 So.2d 1218 (Fla.1985) did not prohibit a trial court from departing from the sentencing guidelines where the defendant violated his probation and demonstrated an “evidently escalating criminal involvement.” However, a defendant’s dim prospect for rehabilitation is an improper ground for departure where that ground is based on the defendant’s history of prior convictions which has already been figured into the defendant’s scoresheet. Frank v. State, 490 So.2d 190 (Fla. 2d DCA 1986); Patty v. State, 486 So.2d 16 (Fla. 1st DCA 1986).
Thus, the trial court’s departure on the basis of lack of rehabilitation was invalid for two reasons. First, the trial court's departure was based primarily on appellant’s prior record which was figured into her scoresheet. Second, appellant’s behavior does not fit Booker’s escalating pattern.
Appellant’s cavalier attitude was an improper ground for departure. Lack of remorse is an invalid ground for departure from the sentencing guidelines. Weir v. State, 490 So.2d 234 (Fla. 5th DCA 1986).
Finally, the trial court erred in imposing court costs on appellant of $10.00 pursuant to section 960.20, Florida Statutes (1985) and $2.00 pursuant to section 943.25(4), Florida Statutes (1985). The record does not reveal that appellant was given an opportunity to object to the assessments as required by Jenkins v. State, 444 So.2d 947 (Fla.1984). We, accordingly, strike the costs pursuant to sections 943.25(4) and 960.20, Florida Statutes (1985), without prejudice to the trial court to assess costs against appellant in accordance with Jenkins.
We affirm appellant’s conviction; reverse her sentence and remand for resen-tencing in accordance with the guidelines.
Affirmed in part, reversed and stricken in part and remanded for proceedings consistent with this opinion.
SCHOONOVER and HALL, JJ., concur.