RYDER, Acting Chief Judge.
Here, we deal with yet another appeal regarding a departure from a guidelines sentence.
Christine Johnson was convicted of aggravated battery in violation of section 784.045(1)(b), Florida Statutes (1985), and sentenced to a term of imprisonment beyond the guidelines’ recommendation. On February 26, 1986, 483 So.2d 839, we reversed her sentence and remanded the case to the trial court because the trial court had improperly delegated to the state attorney the responsibility of formulating written reasons for departure from the presumptive sentence.
On March 21, 1986, the trial court again exceeded the presumptive sentence of three to three and one-half years by sentencing Johnson to seven years incarceration. The trial court gave the following written reasons for departure:
1) The facts of this case would support the charge of attempted murder in the second degree, which would have been a twelve to seventeen-year guidelines sentence.
2) The defendant showed a total lack of remorse during all proceedings before the Court.
*956 3) Defendant has an extensive prior criminal record indicating that she is a violent individual-
4) Defendant is a danger to others.
5) The nature of the injury sustained by the victim, which is a bullet in one lung that cannot be surgically removed and which will probably produce future complication.
Johnson appeals alleging that the trial court erred by departing from the sentencing guidelines without providing a clear and convincing reason for departure. We agree. We reverse Johnson’s sentence and remand for resentencing within the guidelines presumptive range.
The facts of the instant case did not justify departure from the sentencing guidelines. We have held that a trial court may depart from the sentencing guidelines upon the facts of the case. Mora v. State, 484 So.2d 621 (Fla. 2d DCA 1986). However, the facts must show egregious circumstances and must not be elements of the crime charged. Neal v. State, 487 So.2d 367 (Fla. 2d DCA 1986); Tompkins v. State, 483 So.2d 115 (Fla. 2d DCA 1986).
Johnson’s cavalier attitude is an improper ground for departure. Lack of remorse is an invalid ground for departure from the sentencing guidelines. Washington v. State, 501 So.2d 133 (Fla.2d DCA 1987); Weir v. State, 490 So.2d 234 (Fla. 5th DCA 1986).
Johnson’s extensive prior criminal record is an improper ground for departure. Johnson’s prior record has already been figured into the guidelines scoresheet. Carnegie v. State, 498 So.2d 1020 (Fla. 2d DCA 1986); Hendrix v. State, 475 So.2d 1218 (Fla.1985).
Danger to others is an improper ground for departure. The court in referring to Johnson as a violent individual was alluding to Johnson’s prior record and to the circumstances which the court believed were sufficient to charge and convict Johnson of attempted murder in the second degree. However, Johnson’s prior record was factored into the guidelines. Hendrix. The circumstances were not egregious enough to justify departure from the sentencing guidelines. Washington; Carnegie v. State, 498 So.2d 1020 (Fla. 2d DCA 1986); Mora; Neal; Tompkins.
Victim injury is an improper ground for departure where it has been factored into the guidelines scoresheet. Points for moderate victim injury were factored into Johnson’s scoresheet. Consequently, victim injury could not be used to depart from the sentencing guidelines. Hendrix.
We affirm Johnson’s conviction; reverse her sentence and remand for resentencing within the guidelines presumptive range.
Affirmed in part; reversed and stricken in part and remanded for proceedings consistent with this opinion.
CAMPBELL and LEHAN, JJ., concur.