PER CURIAM.
Thomas D. Burns appeals his sentence and the condition of probation prohibiting him from visiting bars.
Burns entered a guilty plea to a number of charges of obtaining property in return for worthless checks and pled no contest to a charge of grand theft. On the grand theft charge, the court imposed a sentence of three years in prison to be suspended after eighteen months. On the worthless check charges, the trial court placed Burns on probation for five years on each charge to run concurrent with each other and with the grand theft charge.
Burns raises three points on appeal. He first argues that the trial court erred in exceeding the guidelines recommended range of any nonstate prison sentence without providing clear and convincing reasons. The court gave the following reasons for departure:
1. Lack of remorse — Lack of remorse is not a valid reason for departure. Johnson v. State, 503 So.2d 955 (Fla. 2d DCA 1987); Washington v. State, 501 So.2d 133 (Fla. 2d DCA 1987). Moreover, the facts here do not support the court’s finding of lack of remorse. When asked why he had failed to make restitution to the victim, Burns responded that he felt it would not have made any difference. It appears that Bums was referring to the fact that charges had already been filed against him and that restitution would not have changed this. The court seems to have interpreted this response as lack of remorse. In the absence of any other clear *167 evidence of lack of remorse, we do not believe this statement, given the context in which it was made, constitutes evidence of lack of remorse.
2. Failure to make restitution —Failure to make restitution is not a valid ground upon which to base a departure where the defendant has not yet been ordered to make restitution. Carney v. State, 458 So.2d 13 (Fla. 1st DCA 1984).
3. Breach of trust — Breach of trust placed in Burns as an attorney is a valid reason for departure. See Hankey v. State, 485 So.2d 827 (Fla.1986); Jakubowski v. State, 494 So.2d 277 (Fla. 2d DCA 1986).
Based on the foregoing analysis, we conclude that there are one valid and two invalid reasons for departure; therefore, pursuant to Albritton v. State, 476 So.2d 158 (Fla.1985), we vacate the sentence and remand for resentencing. See also Griffis v. State, 509 So.2d 1104 (Fla. 2d DCA 1987).
Next, Burns alleges that the trial court erred in sentencing without a sentencing guidelines scoresheet. The record does not contain a guidelines scoresheet; however, the colloquy reveals that the trial court was aware of the presumptive guidelines range. Therefore, absence of a score-sheet here is harmless error. See Percival v. State, 506 So.2d 66 (Fla. 2d DCA 1987); Davis v. State, 461 So.2d 1361 (Fla. 2d DCA), review denied, 471 So.2d 43 (Fla.1985). On remand, however, the trial court is instructed to include a scoresheet in the record.
Finally, Bums contends the court committed error in prohibiting him from visiting bars as a condition of probation. The record reveals that Bums failed to object to this condition at sentencing. He is therefore precluded from raising this challenge now. McPike v. State, 473 So.2d 291 (Fla. 2d DCA 1985). Accordingly, we affirm the condition of probation.
Affirmed in part, reversed in part and remanded for proceedings consistent with this opinion.
SCHEB, A.C.J., and SCHOONOVER and THREADGILL, JJ., concur.