PARKER, Judge.
Edward Clifton entered pleas of no contest to four charges of armed robbery and *896 one armed kidnapping charge with no negotiations with the state. Clifton was sentenced to life in prison. The court imposed costs and court-appointed attorney fees. He now appeals the order setting costs and fees and the sentence imposed in the absence of a sentencing guidelines score-sheet. We reverse.
FEES AND COSTS
The trial court’s failure to give the appellant notice that fees and costs would be imposed and an opportunity for a hearing on that issue, even without a contemporaneous objection below, requires the costs and fees to be stricken. See Wood v. State, 544 So.2d 1004 (Fla.1989); McCray v. State, 573 So.2d 1056 (Fla. 2d DCA 1991). This is without prejudice for the state to move for costs and fees following proper notice and an opportunity for the defendant to receive a hearing as to costs and fees.
ABSENCE OF SCORESHEET
No sentencing guidelines scoresheet appears in the record. The clerk has filed a certificate of nonappearance. Although the absence of a scoresheet does not invalidate the sentence in every instance, this case does not fall within the types of cases generally cited as the exceptions to the requirement of a scoresheet. See Rowe v. State, 496 So.2d 857 (Fla. 2d DCA 1986) (sentence imposed was bargained-for sentence pursuant to a plea agreement which was not subject to the guidelines); Davis v. State, 461 So.2d 1361 (Fla. 2d DCA 1985) (where the record demonstrated the trial court was informed as to the presumptive guidelines sentence, the absence of a score-sheet was irrelevant or harmless). See also Burns v. State, 513 So.2d 165 (Fla. 2d DCA 1987).
The record of the appellant’s sentencing hearing reveals that the trial court was not at all certain as to the correct presumptive sentence. To the contrary, the trial judge stated that he believed that the appellant’s presumptive sentence fell within the range of twenty-two to twenty-seven years, but that he thought he had seen another scoresheet which indicated a guidelines sentence of life. The judge then concluded that the most severe scoresheet governed and sentenced the appellant to life. It is correct that separate scoresheets should be prepared when there are multiple offenses, scoring each offense at conviction as the primary offense with the other offenses listed as additional offenses, and the scoresheet recommending the more severe sentence should be used in sentencing. See Fla.R.Crim.P. 3.701(d)(3). However, the transcript of the sentencing hearing reflects that the trial judge was not convinced as to which was the correct score-sheet and indicated that he did not have the scoresheets before him and expressed a desire to view the scoresheets. Nevertheless, when they were not produced, he proceeded to impose the more severe sentence —life. These facts warrant reversal of the sentence and remand for the preparation of a proper scoresheet and a new sentence in accordance with that scoresheet. See Schneider v. State, 512 So.2d 308 (Fla. 2d DCA 1987); Doby v. State, 461 So.2d 1360 (Fla. 2d DCA 1984). .
Reversed and remanded with instructions.
CAMPBELL, A.C.J., and ALTENBERND, J., concur.