592 So.2d 1267 (1992)
Stanley David KOLETA, Appellant,
v.
STATE of Florida, Appellee.
No. 90-00122.
District Court of Appeal of Florida, Second District.
February 7, 1992.
*1268 Daren L. Shippy, Batchelor, Shippy & Vojak, P.A., Bonita Springs, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Brenda S. Taylor, Asst. Atty. Gen., Tampa, for appellee.
SCHOONOVER, Chief Judge.
Stanley David Koleta appeals his conviction for second degree murder with a firearm and his departure sentence of life imprisonment. We find no merit in any of the appellant's contentions concerning the conduct of his trial and accordingly affirm his conviction. We must, however, reverse and remand for resentencing within the guidelines. In regard to his sentence departing from the sentencing guidelines, the appellant contends that the trial court did not have jurisdiction to enter its written reasons for the departure sentence and that the reasons for departure were invalid.
A complete review of the record reveals the appellant was tried and found guilty by a jury of the offense of second degree murder. He was sentenced at a hearing on January 8, 1990. At that hearing the trial judge departed from the sentencing guidelines and sentenced the appellant to life imprisonment. The trial judge stated orally that the reason for the sentence was to punish the appellant for the act he committed. The guidelines scoresheet, reflecting the sentence imposed, was filed on that day but was not signed by the judge. The appellant's notice of appeal was filed on January 9, 1990, before the court filed its written reasons to exceed the sentencing guidelines on January 17, 1990. On January 25, 1990, the judgment and sentence bearing the judge's signature were filed with the clerk of the court.
If we were to rely upon the parties' original briefs and record citations and followed this court's opinion in Vara v. State, 575 So.2d 306 (Fla. 2d DCA 1991), we would hold that the trial judge lacked jurisdiction to enter written reasons for departure. However, a further review of the record reveals the signed judgment and sentence in this case were entered after the notice of appeal and not on the day the appellant was sentenced. Therefore, Vara does not apply. In addition, the appellant was sentenced prior to the supreme court's decision in Ree v. State, 565 So.2d 1329 (Fla. 1990), and therefore, the trial court's failure to file written reasons for departure contemporaneously with the appellant's sentencing does not prevent this court from considering the validity of those written reasons.
The rules of appellate procedure define "rendition" as the filing of a signed, written order with the clerk of the lower tribunal. Fla.R.App.P. 9.020(g). Thus, the judgment in this case was not "rendered" until January 25, 1990. Accordingly, the appellant's notice of appeal filed before the judgment was entered was premature. The premature notice of appeal does not divest a trial court of jurisdiction. State v. Johns, 576 So.2d 1332 (Fla. 5th DCA 1991); see also Salerno v. State, 567 So.2d 503 (Fla. 5th DCA 1990). Therefore, the trial court had jurisdiction to enter the reasons for departure as well as the appellant's judgment and sentence.
We now address the three reasons given by the trial judge for the departure sentence. A review of the record reflects that at the sentencing hearing, the attorney for the state was aware of the legal realities of *1269 his asking the court to sentence the defendant to life imprisonment. He stated, "I am aware of the guidelines and I have looked at the case law, and I have not found a case that would allow you to depart from the guidelines... ." Because of these legal realities, we find all three departure reasons to be invalid.
The first reason was "the Defendant's act of committing this murder was cold and calculated. The Defendant committed this murder by going to his bedroom, arming himself and walking back to his living room where the victim sat and shooting him in the face." When not an inherent component of the crime, calculation or premeditation may justify a departure sentence if the facts supporting them are proven beyond a reasonable doubt. Lerma v. State, 497 So.2d 736 (Fla. 1986); Carnegie v. State, 498 So.2d 1020 (Fla. 2d DCA 1986). In this case a calculated design is not an inherent component of murder of the second degree. Section 782.04(2), Fla. Stat. (1987).
Under the facts of this case, however, calculation or premeditation is not a valid reason for the departure sentence. Carnegie. While many crimes can be said to be premeditated, there are only a few which are so carefully planned and executed as to warrant an extraordinary sentence. Hallman v. State, 560 So.2d 223, 227 (Fla. 1990). In this case, while the defendant's walking to the bedroom, arming himself with a gun, returning to the living room, and shooting the seated victim in the face evidences an intent to kill, these facts do not support premeditation sufficient for departure. Scurry v. State, 489 So.2d 25 (Fla. 1986); Carnegie, 498 So.2d at 1021; Dority v. State, 489 So.2d 1198 (Fla. 2d DCA 1986).
The second reason for departure was "the Defendant committed this murder without any legal or moral justification. The victim was unarmed, posed no threat, and was apparently seated when he was shot with a .38 or .357 caliber handgun." The lack of "moral or legal" justification is inherent in most crimes and therefore is an invalid reason for departure. Hamm v. State, 521 So.2d 354 (Fla. 2d DCA 1988); see Scurry. In this case as in most homicide cases, the existence of such evidence would likely have supported a finding of justifiable homicide. Therefore, almost every homicide conviction would lack moral justification.
The third reason for departure was "the Defendant packed his clothes and fled the country only to be apprehended ten days later. The safety and protection of a community requires that the Defendant be punished by an enhanced sentence to insure the Defendant is segregated from society for an extended period of time." This reason, for the safety and protection of the community, is not a clear and convincing reason for departure. Hayes v. State, 564 So.2d 161 (Fla. 2d DCA 1990). We can only observe the proscribed conduct subjecting the defendant to the departure sentence is presumed to be the danger to the community. Keys v. State, 500 So.2d 134 (Fla. 1986); Heston v. State, 490 So.2d 157 (Fla. 2d DCA 1986). In this case, the defendant's "flight" does not clearly and convincingly demonstrate the defendant is a danger from which the community had to be protected to the extent of the departure sentence.
Because none of the reasons for departure were valid, we reverse the defendant's murder sentence and remand for resentencing within the guidelines.
Affirmed in part, reversed in part, and remanded.
THREADGILL and PARKER, JJ., concur.