o

# MATTER OF P-F-

## In Deportation Proceedings

## A-24716046

### Decided by Board June 9, 1993

An alien convicted of the first degree felonies of armed burglary and robbery with a firearm under sections 810.02 and 812.13 of the Florida Statutes was convicted of firearm offenses for the purpose of applying section 241(a)(2)(C) of the Immigration and Nationality Act, 8 U.S.C. § 1251(a)(2)(C) (Supp. III 1991), where the use of a firearm was an essential element of the crimes, i.e., the use of a firearm elevated the crimes to first degree felonies and triggered a mandatory minimum sentence as distinguished from a statutory sentence enhancement.

CHARGE:

Order: Act of 1952—Sec. 241(a)(2)(C) [8 U.S.C. § 1251(a)(2)(C)]—Convicted of fire-arms violation

ON BEHALF OF RESPONDENT:
Patricia S. Wihnyk, Esquire
Florida Institutional Legal
  Services, Inc.
925 N.W. 56th Terrace, Suite A
Gainesville, Florida 32605-6413

ON BEHALF OF SERVICE:
Graciela G. Garza
General Attorney

BY: Milhollan, Chairman; Morris and Vacca, Board Members. Dissenting Opinion: Dunne and Heilman, Board Members.

The respondent appeals from a decision dated October 22, 1992, in which the immigration judge found the respondent deportable as charged and ineligible for relief from deportation and ordered him deported to Haiti. The appeal will be dismissed. The request for oral argument is denied.

The respondent is a native and citizen of Haiti who entered the United States without inspection in November 1980. On August 28, 1987, his status was adjusted to that of a lawful permanent resident.[1]

---

[1] According to section 202(d) of the Immigration Reform and Control Act of 1986, Pub. L. No. 99-603, 100 Stat. 3359, 3404-05, *as amended by* section 2(i) of the Immigration Technical Corrections Amendments of 1988, Pub. L. No. 100-525, 102 Stat. 2609, 2612, the Attorney General established a record of admission for permanent

On April 25, 1991, the respondent was convicted of armed burglary of a dwelling with a handgun or pistol and armed robbery with a firearm in violation of sections 810.02 and 812.13 of the Florida Statutes. On April 13, 1992, the Immigration and Naturalization Service issued an Order to Show Cause and Notice of Hearing (Form I-221) against the respondent, charging him with deportability under section 241(a)(2)(C) of the Immigration and Nationality Act, 8 U.S.C. § 1251(a)(2)(C) (Supp. III 1991), as an alien convicted of a firearm offense. At a deportation hearing on October 22, 1992, the respondent, through counsel, admitted the allegations in the Order to Show Cause, denied deportability, and sought relief from deportation in the form of asylum, withholding of deportation, and a waiver of inadmissibility under section 212(c) of the Act, 8 U.S.C. § 1182(c) (Supp. III 1991). The immigration judge found the respondent deportable as charged and ineligible for the requested relief, giving rise to the instant appeal.

On appeal, the respondent challenges his deportability and argues that his conviction does not preclude him from seeking section 212(c) relief or asylum.

We will first address whether the respondent has been convicted of a firearm offense. Section 241(a)(2)(C) of the Act provides for the deportability of any alien who

> at any time after entry is convicted under any law of purchasing, selling, offering for sale, exchanging, using, owning, possessing, or carrying in violation of any law, any weapon, part, or accessory which is a firearm or destructive device (as defined in section 921(a) of title 18, United States Code).

Robbery with a firearm is defined under section 812.13 of the Florida Statutes as follows, in pertinent part:

> (1) "Robbery" means the taking of money or other property which may be the subject of larceny from the person or custody of another, with intent to either permanently or temporarily deprive the person or the owner of the money or other property, when in the course of the taking there is the use of force, violence, assault, or putting in fear.
>
> (2)(a) If in the course of committing the robbery the offender carried a firearm or other deadly weapon, then the robbery is a felony of the first degree . . . .

Fla. Stat. Ann. § 812.13 (West 1993).

Burglary with a firearm is defined as follows under section 810.02 of the Florida Statutes, in pertinent part:

> (1) "Burglary" means entering or remaining in a structure or a conveyance with the intent to commit an offense therein, unless the premises are at the time open to the public or the defendant is licensed or invited to enter or remain.

---

residence as of January 1, 1982, for Cuban and Haitian aliens granted adjustment of status pursuant to the provisions of section 202.

(2) Burglary is a felony of the first degree, punishable by imprisonment for a term of years not exceeding life imprisonment or as provided ... if, in the course of committing the offense, the offender:

. . . .

(b) Is armed, or arms himself within such structure or conveyance, with explosives or a dangerous weapon.

Fla. Stat. Ann. § 810.02 (West 1992).

The record reflects that the respondent was charged with burglarizing a home and committing armed robbery within that home. According to the criminal information, the respondent was armed with a handgun and/or pistol during the commission of the armed burglary of a dwelling and was armed with a firearm during the commission of the armed robbery.[2] He was convicted of the first degree felonies of armed burglary of a dwelling under Florida Statutes section 810.02 and armed robbery under section 812.13.

The respondent's use of a firearm during the commission of the robbery and burglary triggered the application of section 775.087(2)(a) of the Florida Statutes, which provides for a 3-year mandatory minimum sentence for "[a]ny person who is convicted of ... murder, sexual battery, robbery, [or] burglary ... and who had in his possession a 'firearm.'"

The respondent contends that he has been convicted of violating general criminal statutes, i.e., armed robbery and burglary, and that firearm use is not an element of these offenses. In support of his proposition he cites *Matter of Carrillo*, 16 I&N Dec. 625 (BIA 1978). In *Matter of Carrillo* the Board held that a conviction for unlawful possession of a firearm during the commission of a felony, to wit: possession of heroin with intent to distribute, did not constitute a violation of a law relating to the illicit possession of a narcotic drug. The respondent also cites in support of his proposition *Castaneda de Esper v. INS*, 557 F.2d 79 (6th Cir. 1977), in which an alien convicted of misprision of a felony, to wit: conspiracy to possess narcotics, was found not to have committed a violation of a law relating to narcotic drugs.

The respondent contends that the deadly weapon element in section 812.13 of the Florida Statutes (defining robbery) includes a broader category of weapons than firearms. The respondent notes that he did

---

[2]Count one of the information specifies that the respondent used a handgun in the commission of the armed burglary. The armed robbery counts state that the respondent was armed with a firearm. In the absence of any evidentiary showing by the respondent that the weapon was an antique firearm, we find that the conviction record establishes that the respondent used a "firearm," as defined by 18 U.S.C. § 921(a) (1988), in the commission of the armed robbery. *See United States v. Laroche*, 723 F.2d 1541 (11th Cir.), *cert. denied*, 467 U.S. 1245 (1984).

not receive a sentence enhancement for use of a firearm. *See* Fla. Stat. Ann. § 775.084 (West 1992). Rather, he was sentenced under section 775.087(2)(a), which provides for a mandatory 3-year minimum sentence for use of a weapon during a felony. He contends that the mandatory minimum provision exempts any "felony in which the use of a weapon or firearm is an essential element," citing section 775.087(1) of the Florida Statutes.[3] Therefore, he asserts, firearm possession is not an element of his conviction.

The Service argues that the respondent has been convicted of a firearm offense. The Service points out that the respondent was convicted of first degree felonies, which reflect use of a dangerous weapon or explosives for a burglary conviction, and use of a firearm or other deadly weapon for an armed robbery conviction. In *Wallace v. State*, 573 So. 2d 1010 (Fla. 1991), the court found that possession of a firearm was an essential element of the crime of attempted robbery with a firearm. Therefore, it held, the defendant was improperly convicted of possession of a firearm during the commission of a felony, because the elements of that offense were contained within the attempted robbery conviction. The Service also cites *Williams v. State*, 517 So. 2d 681 (Fla. 1988), for the proposition that the 3-year mandatory minimum sentence provision is limited to persons using a firearm or destructive device in the commission of the crime.

We find merit in the Service's arguments on appeal. Use of a firearm or deadly weapon is the element of the respondent's conviction for robbery which elevates it to a first degree offense. *See Wallace v. State, supra*. Furthermore, the respondent's conviction record reflects that he was subject to a 3-year mandatory minimum sentence for use of a firearm. Such a sentence cannot be imposed unless the defendant himself used a firearm or destructive device in the commission of the crime. Fla. Stat. Ann. § 775.087(2)(a) (West 1992); *Sears v. State*, 539 So. 2d 1174 (Fla. Dist. Ct. App. 1989) (holding that absent a specific jury finding that a firearm was used in the commission of the crime, imposition of the 3-year mandatory minimum sentence is improper). Imposition of the mandatory minimum sentence is required where the defendant has been convicted of use of a firearm.

The cases cited by the respondent in support of his contention that he has not been convicted of a firearm violation are inapposite.

---

[3] Section 775.087(1) of the Florida Statutes provides for a sentence enhancement whenever a person is charged with a felony, except a felony in which the use of a weapon or firearm is an essential element, and during the commission of such felony the defendant carries, displays, uses, threatens, or attempts to use any weapon or firearm, or during the commission of such felony the defendant commits an aggravated battery.

*Castaneda de Esper v. INS, supra,* and *Matter of Carrillo, supra,* involved convictions for misprision of a felony and possession of a firearm during the commission of a felony, respectively. Those convictions in and of themselves did not relate to narcotics, but could be based on any underlying felonious act. *Matter of Carrillo, supra,* at 626-27. The underlying narcotic-related acts were separate and distinct from the convictions. In the instant case, the respondent has been convicted of use of a firearm in the commission of armed burglary and robbery. The use of a firearm is not in the nature of an underlying offense, but is instead an element of the offense itself, as reflected in the elevation of each conviction to the first degree and the triggering of a mandatory minimum sentence for firearm use under section 775.087(2) of the Florida Statutes.

The mandatory minimum provision at issue in the instant case is distinguishable from the sentence enhancement provision discussed in *Matter of Rodriguez-Cortes,* 20 I&N Dec. 587 (BIA 1992). In that case, the Board found that the sentence enhancement provision in section 12022(a) of the California Penal Code was not an element of the offense and could not be imposed where use of a firearm is an element of the offense. Imposition of a sentence enhancement under section 12022(a) does not create a separate offense under California law, but is rather an additional punishment imposed on the defendant. *Matter of Rodriguez-Cortes, supra,* at 590.

Florida law similarly provides that a sentence enhancement may not be imposed where firearm use is an element of the offense. Fla. Stat. Ann. § 775.087(1) (West 1992). However, the mandatory minimum provision is separate and distinct from the sentence enhancement provision. *Williams v. State, supra; Aikens v. State,* 423 So. 2d 593 (Fla. Dist. Ct. App. 1982).

The respondent correctly asserts that section 775.087(1) prohibits sentence enhancement where the use of a firearm is an essential element of the offense. However, the respondent was not sentenced pursuant to that provision, and it is irrelevant to the instant case. We conclude that the respondent is deportable as charged.

The respondent next argues that he is eligible for section 212(c) relief notwithstanding his conviction for a firearm offense. The respondent is ineligible for section 212(c) relief for the reasons stated in *Matter of Montenegro,* 20 I&N Dec. 603 (BIA 1992); *see also Matter of Hernandez-Casillas,* 20 I&N Dec. 262 (BIA 1990; A.G. 1991), *aff'd,* 983 F.2d 231 (5th Cir. 1993).

Finally, the respondent contends that his convictions do not preclude him from seeking asylum. In *Matter of Carballe,* 19 I&N Dec. 357 (BIA 1986), this Board found that armed robbery under the Florida Statutes was a per se particularly serious crime. As an alien

convicted of a particularly serious crime, the respondent is ineligible for asylum. 8 C.F.R. § 208.14(c)(1) (1993).

Based on the foregoing, the appeal will be dismissed.

**ORDER:** The appeal is dismissed.

*DISSENTING OPINION:* Michael J. Heilman, Board Member

I respectfully dissent.

In my view, the respondent has not been convicted of any firearms offense which would bar him from relief under section 212(c) of the Immigration and Nationality Act, 8 U.S.C. § 1182(c) (Supp. III 1991). It is undisputed that the respondent was convicted of "Robbery" under section 812.13 of the Florida Statutes. This statute describes robbery as the taking of money or other property, "when in the course of the taking there is the use of force, violence, assault, or putting in fear." Fla. Stat. Ann. § 812.13(1) (West 1993). Subsection (2)(a) states that if the robber carried a firearm, then the robbery is "a felony of the first degree." Fla. Stat. Ann. § 812.13(2)(a) (West 1993).

The respondent argues, I believe correctly, that a conviction for this offense does not constitute a firearms conviction within the meaning of section 241(a)(2)(C) of the Act, 8 U.S.C. § 1251(a)(2)(C) (Supp. III 1991). As the respondent states on appeal:

> The deadly weapon element of the crimes of both armed robbery and armed burglary of a dwelling can be any weapon, including a speargun and does not necessarily have to be a firearm. *Heston v. State*, 490 So.2d 157 (2d DCA 1986). Therefore use or possession of a firearm is not an essential element to the crimes of which Respondent is convicted.

Respondent's brief at page 7.

The information brought against the respondent recites in count II that the respondent "did unlawfully by force, violence, assault, or putting in fear, take certain property, to wit: CASH, good and lawful currency ... and in the course of committing said ROBBERY, carried a FIREARM, in violation of 812.13 Florida Statutes." By way of contrast, count V, for which the respondent was not found guilty, states that the respondent "did unlawfully and feloniously display a certain firearm, while at said time and place the defendant was committing a felony, to wit: ROBBERY and/or BURGLARY, as provided by 812.13 and/or 810.02 Florida Statutes, the possession and display of said firearm as aforesaid being in violation of 790.07 Florida Statutes." It is clear from the latter count that the State of Florida knows how to identify and charge a firearms offense, as distinct from a robbery or burglary offense.

I think that where the majority and I part ways is in its interpretation that a statutory provision, section 812.13(2)(a), which categorizes a criminal act by its felony class for purposes of sentencing,

makes the offense of robbery a "firearms" offense for purposes of the immigration law. It may well be, as the Florida court held in *Wallace v. State*, 573 So. 2d 1010 (Fla. 1991), that possession of a firearm was an essential element of the crime of attempted robbery with a firearm, and that Wallace could not be convicted additionally of possession of a firearm during the commission of a felony. This result flowed from the general principle that Wallace could not be punished twice for the same act. The *Wallace* court, however, did not hold that if Wallace was convicted of robbery he had also committed a firearms offense. The majority is holding this, though, because it is finding that if an individual is convicted of a crime, one of whose elements is common to another offense, then that crime becomes that other offense.

I believe that it defies common sense to conclude that a conviction for robbery or burglary or rape or murder becomes a firearms offense because the individual was not armed with a knife or other weapon proscribed by law. The Florida law criminalizes the use of violence, force, assault, or putting in fear. This criminal act is complete without the use of a firearm, or indeed, any weapon. If a firearm is used, then the punishment for the act of violence, the robbery, may be heightened. This being so, then the distinction the majority makes between this situation and the so-called sentence enhancement statutes is quite meaningless. In both this case, and in the California case discussed in *Matter of Rodriguez-Cortes*, 20 I&N Dec. 587 (BIA 1992), the use of a firearm did not define the conviction as a firearms offense, it only defined the punishment. The net result of this distinction that the majority attempts to make will be that where individuals with identical convictions and sentences apply for section 212(c) waivers, one will have committed a firearms offense and one will have not. This surely cannot be a logical or acceptable result.

For these reasons, I would reverse the immigration judge and remand the record to allow the respondent to apply for a waiver under section 212(c) of the Act.

*DISSENTING OPINION:* Mary Maguire Dunne, Board Member

I respectfully concur in the foregoing dissent.

I do not believe that Congress intended the revision of the statute to effect different results in similar fact situations due to the language of the State statute under which an alien stands convicted. Such inconsistent results will clearly occur under the approach adopted by the majority.

Moreover, I do not find the respondent to have been convicted of a firearms offense for the reasons stated in the dissent.