[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-15439
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 2, 2009
THOMAS K. KAHN
CLERK

Agency No. A027-734-214

SAVOTH PHATH,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(June 2, 2009)

Before DUBINA, Chief Judge, TJOFLAT and KRAVITCH, Circuit Judges.

PER CURIAM:

Savoth Phath, a native and citizen of Cambodia, petitions this court for

review of the Board of Immigration Appeals's ("BIA") affirmance of the

Immigration Judge's ("IJ") order of removal and denial of a waiver of deportability under former INA § 212(c). After a thorough review of the record, we conclude that the IJ and BIA properly determined that Phath was not eligible for relief and we deny the petition for review.

Phath was admitted to the United States in 1985. In 1988, he was granted status as a lawful permanent resident. In 1992, Phath was charged in Massachusetts with (1) being masked or otherwise disguised and armed with a dangerous weapon - to wit, a firearm - and assaulting another with intent to commit robbery, in violation of Mass. Gen. L. ch. 265 § 17, (2) armed assault, (3) discharge of a firearm, and (4) assault with a firearm. He ultimately pleaded guilty to armed robbery under Mass. Gen. L. ch. 265 § 17. The notes on the docket sheet related to this guilty plea indicate that the prosecutor removed the reference to Phath being masked or disguised. It does not appear from the docket sheet, however, that the reference to the handgun was removed. The remaining charges were nolle prossed as part of the plea. Phath was sentenced on the armed-robbery offense to no more than five years but at least three years imprisonment, with one year to be served. On the basis of this conviction, the INS issued a notice to appear in 1998, charging Phath with removability under INA § 237(a)(2)(A)(iii) for armed robbery and § 237(a)(2)(C) for the firearm offense.

At his removal hearing, Phath admitted that he had been convicted of armed

robbery in 1992, and that he had been sentenced to no more than five years but not less than three years for the armed robbery offense. At Phath's request, the IJ then struck the language regarding the use of a firearm and a disguise from the notice to appear. Based on Phath's admissions, the IJ concluded that Phath was removable under INA §§ 237(a)(2)(A)(iii) and (a)(2)(C). When asked if these two grounds of deportability were sustained, Phath responded "yes."

Phath explained that he was seeking a waiver under § 212(c). The government, however, moved to pretermit Phath's application for the waiver, arguing that Phath's firearm offense rendered him ineligible for relief. Phath responded that he had not been convicted of a firearm offense and thus § 237(a)(2)(C) did not apply.

The IJ considered the armed robbery conviction in 1992, which Phath had conceded, and found that this offense qualified as an aggravated felony under § 237(a)(2)(A)(iii). The IJ reviewed Mass. Gen. Law ch. 265 § 17, which made it unlawful to assault or rob another while being armed with a dangerous weapon, and found that the indictment in Phath's case indicated the dangerous weapon was a firearm. Accordingly, the IJ found that Phath's use of a firearm during the armed robbery offense rendered him removable under § 237(a)(2)(C), which provides that an alien is deportable if after admission, the alien is convicted "under any law of . . . using, owning, possessing, or carrying . . . any weapon . . . which is a

3

firearm . . . in violation of any law." 8 U.S.C. § 1227(a)(2)(C). Although the IJ acknowledged that Phath's conviction was not a "pure firearms conviction," it determined that the use of a firearm was an essential element of the armed-robbery offense. The IJ noted that the Massachusetts statute was a divisible statute; thus, some conduct that would violate the statute would also constitute removable offenses under immigration law, but others would not. Accordingly, the IJ reviewed the record of conviction to determine if the immigration laws applied. The IJ determined that § 212(c) only applied to charges of deportability or removability for which there are comparable grounds of exclusion or inadmissibility, see 8 C.F.R. § 1212.3(f)(5), and because there was no comparable ground for firearm offenses, Phath was not eligible for a waiver.

Phath appealed to the BIA, which summarily affirmed. This petition for review followed.

We review de novo an agency's statutory interpretation, but will defer to the agency's interpretation of a statute if it is reasonable and does not contradict the clear intent of Congress. Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc., 467 U.S. 837, 842-44; Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). We will affirm the IJ's decision if "supported by reasonable, substantial, and probative evidence on the record considered as a whole." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 1004) (en banc).

4

The INA provides that "[a]ny alien who is convicted of an aggravated felony at any time after admission is deportable." 8 U.S.C. § 1227(a)(2)(A)(iii). An aggravated felony is defined in 8 U.S.C. § 1101(a)(43) to include a crime of violence. 8 U.S.C. § 1101(a)(43). Crime of violence is then defined as "(a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 16. As Phath conceded, he is deportable by reason of having committed an aggravated felony. At issue is whether his felony qualifies as a firearms offense such that he would be ineligible for a waiver of deportability under § 212(c).

To determine whether a prior conviction constitutes a firearms offense, the IJ must first look to the language of the statute of conviction.[1] Obasohan v. U.S. Att'y Gen., 479 F.3d 785, 788 (11th Cir. 2007); In re Ajami, 22 I. & N. Dec. 949, 950 (BIA 1999).

---

[1] Phath's armed robbery conviction would not render him ineligible for relief under § 212(c) because the offense has a comparable section for inadmissability. According to the BIA, robbery and assault qualify as crimes of moral turpitude. See In re Lopez-Meza, 22 I.&N. Dec. 1188, 1193 (BIA 1999); INA § 212(a). Moreover, although Phath may have been sentenced to five years as a result of the indeterminate sentence, he did not *serve* five years and thus is not precluded from receiving § 212(c) relief on this ground. See 8 C.F.R. § 1212.3(f).

The statute under which Phath was convicted provides:

> Whoever, being armed with a dangerous weapon, assaults another and robs, steals or takes from his person money or other property which may be the subject of larceny shall be punished by imprisonment . . . ; provided, however, that any person who commits any offence described herein while masked or disguised or while having his features artificially distorted shall, for the first offence be sentenced to imprisonment for not less than five years . . . . Whoever commits any offense described herein while armed with a firearm . . . shall be punished by imprisonment in the state prison for not less than five years.

Mass. Gen. L. ch 265 § 17. As the parties agree, this creates a divisible statute because "dangerous weapon" is not defined in the offense conduct; thus not all armed robberies would constitute firearm offenses.

The analysis of a divisible statute in the immigration context is analogous to the application of sentencing enhancements in the sentencing context. In the sentencing context, the court applies Taylor v. United States, 495 U.S. 575 (1990) (holding that a court can look only to the statutory elements, charging documents, and jury instructions to determine whether an earlier conviction after trial qualified as a "violent felony" under the ACCA); in the immigration context, we apply a modified Taylor approach. Obasohan, 479 F.3d at 788; Jaggernauth v. U.S. Att'y Gen., 432 F.3d 1346, 1353-55 (11th Cir. 2005) (vacating an order of removal where neither the information, plea, judgment or sentence provided clear, unequivocal and convincing evidence that Jaggernauth was convicted of an

6

aggravated felony).

Under this approach, the IJ could consider the statutory definition, charging document, written plea agreement, transcript of the plea colloquy, and any explicit factual finding by the trial judge to which the defendant adopted or assented. Shepard v. United States, 544 U.S. 13, 20, 25-26 (2005). The IJ's determination that a prior conviction qualifies as a removable offense must be supported by "clear, unequivocal, and convincing evidence." Woodby v. INS, 385 U.S. 276, 286 (1966); 8 U.S.C. § 1229a(c)(3)(A).

Notably, at the removal hearing, Phath confirmed that he was deportable under INA § 237(a)(2)(C). Thus, Phath conceded the firearm offense and he would be ineligible for a waiver of removal under § 212(c).

Phath, however, argues that he made no such concession. Assuming he did not, the IJ had to determine whether the firearm was an essential element of Phath's aggravated felony armed robbery conviction. Because the statute under which Phath was convicted is divisible, the IJ was permitted to look beyond the statute of conviction to the charging document, written plea agreement, transcript of the plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented. See Shepard, 544 U.S. 20; Matter of P-F-, 20 I.&N. Dec. 661 (BIA 1993) (concluding that a firearm was an element of the robbery offense because the firearm elevated the crime to first degree and allowed for mandatory

7

minimum sentence.).

Here, the IJ's conclusion that the weapon involved was a firearm was reasonable and is entitled to deference. First, the docket sheet indicates that the only portion of the indictment that was removed pursuant to a guilty plea was the reference to the mask and disguise. Thus, the reference to the firearm used in the armed robbery remained part of the record. See Adefemi, 386 F.3d at 1029 (concluding that City of Atlanta traffic citation charging alien with carrying a concealed weapon was clear and convincing evidence).

Although Phath's three-year sentence is inconsistent with the statutory requirement that robberies involving firearms be sentenced to at least five years, the indictment clearly indicates that the weapon involved was a firearm. The fact that the evidence is susceptible to more than one interpretation does not render the IJ's interpretation unreasonable. Adefemi, 386 F.3d at 1027.

In light of these facts, the IJ's conclusion that the armed robbery offense involved a firearm was reasonable and supported by clear and convincing evidence. The IJ, therefore, properly concluded that Phath was ineligible for a § 212(c) waiver. Accordingly, we DENY the petition for review.